```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
 UNITED STATES OF AMERICA     : **Affirmation in Support**
                              : **of Application for**
                              : **Extension of Preliminary**
        - v. -                : **Hearing Date and Order**
                              : **of Continuance**
 GEOVANNY FUENTES RAMIREZ,    :
                              : 20 Mag. 02370
              Defendant.      :
                              :
------------------------------X

STATE OF NEW YORK            )
COUNTY OF NEW YORK           )   ss.:
SOUTHERN DISTRICT OF NEW YORK )
```

Elinor L. Tarlow, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

1. I am an Assistant United States Attorney in the Office of Geoffrey S. Berman, United States Attorney for the Southern District of New York. I submit this affirmation in support of an application for an extension of the time within which a preliminary hearing would otherwise have to be conducted, pursuant to Federal Rule of Criminal Procedure 5.1(d), and an order of continuance of the time within which an indictment or information would otherwise have to be filed, pursuant to 18 U.S.C. § 3161(h)(7)(A).

2. The defendant was arrested on March 1, 2020 and charged with violations of 21 U.S.C. § 963 and 18 U.S.C. § 924(c), 924(o), 3238 and 2, in a complaint dated February 28, 2020. The defendant was presented on March 3, 2020 in the United States District Court

for the Southern District of Florida and was detained on consent pending transfer to this District. On March 4, 2020, the defendant waived his detention and preliminary hearing in the Southern District of Florida.

3. On April 2, 2020, on a motion by the Government and with the consent of the defendant, United States Magistrate Judge Sarah L. Cave entered an order (Dkt. No. 18) granting a continuance until May 2, 2020. On April 23, 2020, the defendant was presented in the United States District Court for the Southern District of New York before Magistrate Judge Judith C. McCarthy. The defendant was represented by Avraham Moskowitz, Esq., and was detained on consent without prejudice. Judge McCarthy set May 7, 2020 as the date by which a preliminary hearing had to be conducted and an indictment or information filed.

4. On May 4, 2020, defense counsel indicated that the defendant does not consent to an extension of the time within which to conduct a Rule 5.1 preliminary hearing or the time within which to file an indictment or information under the Speedy Trial Act.

5. Pursuant to Rule 5.1(d), if the defendant does not consent to an extension of the time within which to conduct a preliminary hearing, "the magistrate judge may extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay."

6. Pursuant to the Speedy Trial Act, "any judge" may order a continuance "on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government," and exclude the resulting period of delay if "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

7. On March 13, 2020, the Honorable Colleen McMahon, Chief United States District Judge, issued an order finding that "the President of the United States has declared a national emergency," "the Governor of New York has banned mass gatherings throughout the state in response to the spread of coronavirus and COVID-19," and "the Centers for Disease Control and Prevention and other public health authorities have advised the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease." *In re Coronavirus/COVID-19 Pandemic*, No. 20 Misc. 154 (S.D.N.Y. Mar. 13, 2020) (the "First Standing Order"). In light of those findings, and "to protect public health" and "to reduce the size of public gatherings and reduce unnecessary travel," the First Standing Order, among other things, continued all criminal jury trials scheduled to begin between March 16, 2020, and April 27, 2020, and excluded in those cases the period from

March 16, 2020, to April 27, 2020, pursuant to 18 U.S.C. § 3161(h)(7)(A), based on a finding that "the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial." (First Standing Order ¶¶ 2, 8). The First Standing Order also authorizes individual judges to take additional actions consistent with the order. (First Standing Order ¶ 4).

8. On March 27, 2020, Chief Judge McMahon issued an order finding, among other things, that "the Governor of New York has banned mass gatherings in the state, encouraged persons in the state to remain home, and ordered the closure of non-essential businesses in response to the spread of COVID-19"; and "the current public health crisis has caused, is causing, and is expected to continue to cause extraordinary disruption throughout this District, including, but not limited to the temporary closure of offices[,] the imposition of travel restrictions and discouragement of the use of mass transportation[,] the dislocation of many residents[,] and disruptions and delays in the use of the mails." *In re Coronavirus/COVID-19 Pandemic*, No. 20 Misc. 172 (S.D.N.Y. Mar. 27, 2020) (the "Second Standing Order"). In light of those findings, the Second Standing Order suspended the conduct of all criminal jury trials until June 1, 2020. *Id.*

9. On March 30, 2020, Chief Judge McMahon issued an order finding, among other things, that "there have been over 30,000

confirmed cases of COVID-19 in New York City alone, and estimates suggest that the number of cases may be many times higher"; and "[c]ases of COVID have been diagnosed among members of the staff of this Court and/or members of their immediate families, which has required the closure of certain operations and made it impossible for members of the court staff to appear for work." *In re Coronavirus/COVID-19 Pandemic*, No. 20 Misc. 176 (S.D.N.Y. Mar. 30, 2020) (the "Third Standing Order").

10. On April 20, 2020, Chief Judge McMahon issued an order finding, among other things, that "the Governor extended the ban on non-essential travel within the State until May 16, 2020," "the current public health crisis continues to cause extraordinary disruption throughout this District," and "the calling and processing of jurors cannot be accomplished remotely." *In re Coronavirus/COVID-19 Pandemic*, No. 20 Misc. 197 (S.D.N.Y. Apr. 20, 2020) (the "Fourth Standing Order"). In light of those findings, the Fourth Standing Order suspended the conduct of all criminal jury trials "until further order of the court." *Id.*

11. On April 20, 2020, Chief Judge McMahon issued an order finding, among other things, that "the Governor of the State of New York has extended the expiration of the state's shelter-in-place and non-essential travel ban Executive Order from April 27, 2020 until May 16, 2020." *In re Coronavirus/COVID-19 Pandemic*, No. 20 Misc. 196 (S.D.N.Y. Apr. 20, 2020) (the "Fifth Standing Order").

5

In light of those findings, and "to protect public health" and "to reduce the size of public gatherings and allow attorneys, litigants and court staff to comply with the Governor's Executive Order, thereby reducing travel," the Fifth Standing Order, among other things, continued all criminal jury trials pending further order of the court, and excluded in those cases the period from April 27, 2020, to June 15, 2020, pursuant to 18 U.S.C. § 3161(h)(7)(A), based on a finding that "the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial." (Fifth Standing Order ¶¶ 2, 6). The Fifth Standing Order also authorizes individual judges to take additional actions consistent with the order. (Fifth Standing Order ¶ 4).

12. Extraordinary circumstances exist and justice requires a delay of the preliminary hearing in this case. Preparation for a preliminary hearing during the current coronavirus/COVID-19 pandemic would be exceptionally difficult. A preliminary hearing in this case would potentially involve testimony from witnesses who are currently incarcerated and with whom the Government would not be able to prepare in advance of the hearing, including because the Bureau of Prisons and United States Marshals are no longer producing inmates for proffers with the Government. A preliminary hearing also would potentially involve testimony from witnesses who would need to travel domestically and whose travel might be limited based on flight availabilities and the health risks

attendant with air travel at this time, ███████████
████████████████████████████████████████████
████████████████████████████████████████████
███. Additionally, certain evidence relevant to preparing for a preliminary hearing likely would not be available by May 7, 2020, including extractions from electronic devices that were seized from the defendant at the time of his arrest. ███████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████ As a result, law enforcement is currently experiencing a delay in extracting and analyzing the contents of seized electronic devices, including the devices seized from the defendant. It further may not be possible for the agents assigned to this investigation to obtain the cellular devices, which are secured in an evidence vault currently located in Washington D.C., and transport them to this District in advance of the preliminary hearing date. Thus, as a result of the necessary limitations and other social distancing measures established during the crisis to slow the spread of COVID-19, the Government's ability to prepare for a preliminary hearing has been and will continue to be impaired. Furthermore, if a preliminary hearing were to proceed, many individuals' health would be placed at risk: requiring witnesses, prosecutors, and law enforcement agents to travel in order to review files and records, meet with counsel, and attend

a preliminary hearing would pose a health threat both to them and to others. At the preliminary hearing itself, numerous individuals would be required to attend or otherwise participate, making it difficult to maintain the social distancing necessary to ensure the health and safety of the Court and its staff, the defendant and his family members, defense counsel, victims, witnesses, and Government counsel, paralegals, and law enforcement agents. *See United States v. Gurary*, 793 F.2d 468, 473 (2d Cir. 1986) (explaining that time to conduct a preliminary hearing may be extended without defendant's consent "to permit the prosecution to ready its presentation of probable cause" or because of "factors related to *holding* the hearing"); *United States v. Bagios*, 2011 WL 817856, at *5 (S.D. Fla. Mar. 2, 2011) (extraordinary circumstances justifying delay in preliminary hearing satisfied by "severe weather" and mechanical problems that "significantly disrupted" ability to transport defendant). Delaying the preliminary hearing would also be consistent with the First and Fifth Standing Orders' other directives entered to "protect public health," "reduce the size of public gatherings," and reduce travel. Courts, including this one, have delayed preliminary hearings in light of the current coronavirus/COVID-19 pandemic.[1]

---

[1] *See, e.g.*, *United States v. Carrillo-Villa*, --- F. Supp. 3d ---, 2020 WL 1644773, at *3 & n.2 (S.D.N.Y. Apr. 2, 2020) (extending preliminary hearing deadline by 30 days); *United States v. Palmer*, No. 19 Mag. 9533, Dkt. 15 (S.D.N.Y. Apr. 24, 2020)

13. The ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial. For the reasons set forth in the prior paragraph, preparation for a grand jury presentation during the current coronavirus/COVID-19 pandemic would be exceptionally difficult. Requiring witnesses, prosecutors, and law enforcement agents to travel in order to review files and records, meet with counsel, and attend a grand jury presentation would pose a health threat both to them and to others. Finally, growing difficulties in convening a grand jury quorum and the need to protect the health and safety of the grand jurors during the current coronavirus/COVID-19 pandemic make it increasingly difficult to obtain a timely indictment. While there are ordinarily several simultaneous grand juries hearing presentations of evidence in this District, only one grand jury has been operating in this District during the COVID-19 pandemic, and since

---

(same); *United States v. Rivera*, No. 20 Mag. 1615, Dkt. 18 (S.D.N.Y. Apr. 10, 2020) (same); *In re Coronavirus/COVID-19 Pandemic*, No. 2020-15 ¶ 8 (E.D.N.Y. Apr. 21, 2020) (standing order extending preliminary hearing deadline to 60 days after the initial appearance, in any case in which a preliminary hearing would otherwise be required between April 27, 2020, and June 15, 2020); *In re Coronavirus/COVID-19 Pandemic*, No. 2020-11 (E.D.N.Y. Mar. 18, 2020) (same for earlier period of March 18, 2020, to April 27, 2020); *United States v. Hughes*, 2020 WL 1331027, at *2 (W.D. Wash. Mar. 23, 2020) (incorporating standing order delaying preliminary hearings until at least June 1, 2020); *United States v. Munoz*, 2020 WL 1433400, at *1 (S.D. Cal. Mar. 24, 2020) (extending preliminary hearing deadline by 30 days).

approximately March 27, 2020, the grand jury has not secured a quorum necessary to vote on indictments. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iii), (iv) (requiring the court to consider, among other factors, whether failing to grant a continuance would make the continued prosecution "impossible, or result in a miscarriage of justice," or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence"; and whether, "in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified [in the STA]"); *United States v. Paschall*, 988 F.2d 972, 975 (9th Cir. 1993) (excluding time in ends of justice because of "the inability to form a Grand Jury quorum due to extreme adverse weather conditions"); *United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (excluding time in ends of justice after September 11 terrorist attacks). Delaying the grand jury presentation would also be consistent with the First and Fifth Standing Orders' other directives entered to "protect public health," "reduce the size of public gatherings," and reduce travel. Courts, including this one, have extended the time to file an

indictment or information under the Speedy Trial Act in light of the current coronavirus/COVID-19 pandemic.[2]

14. Therefore, the Government requests a 30-day extension of the time within which to conduct a preliminary hearing, and a 30-day continuance of the time within which to file an indictment or information, until June 8, 2020.

[INTENTIONALLY LEFT BLANK]

---

[2] *See, e.g.*, *Carrillo-Villa*, 2020 WL 1644773, at *3 (extending indictment deadline by 30 days); *Palmer*, No. 19 Mag. 9533, Dkt. 15 (same); *Rivera*, No. 20 Mag. 1615, Dkt. 18 (same); *In re Coronavirus/COVID-19 Pandemic*, No. 2020-15 ¶ 6 (E.D.N.Y. standing order excluding time to indict until May 15, 2020); *In re Coronavirus/COVID-19 Pandemic*, No. 2020-06 ¶ 7 (E.D.N.Y. Mar. 16, 2020) (same for earlier period of March 16, 2020, to April 27, 2020); *In re Court Operations under the Exigent Circumstances Created by COVID-19*, No. 2020-09 ¶ 6 (D.N.J. Apr. 17, 2020) (standing order extending prior order and excluding time in cases charged by complaint through May 31, 2020); *In re Extension of Adjustments to Court Operations due to the Exigent Circumstances Created by COVID-19*, ¶ 6 (E.D. Pa. Apr. 10, 2020) (standing order extending prior order and excluding time to indict until May 31, 2020); *Munoz*, 2020 WL 1433400, at *1 (excluding time between March 17, 2020 and April 24, 2020 because it was "unreasonable to expect return and filing of the indictment").

15. For the reasons stated above, extraordinary circumstances exist and justice requires an extension of the time within which to conduct a preliminary hearing, and the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial.

Dated:   New York, New York
         May 5, 2020

                                               _____
                                               Elinor L. Tarlow
                                               Assistant United States Attorney
                                               (212) 637-1036

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
UNITED STATES OF AMERICA      :  **Extension of Preliminary**
                              :  **Hearing Date and Order**
                              :  **of Continuance**
   - v. -                     :
                              :  20 Mag. 02370
GOEVANNY FUENTES RAMIREZ,     :
                              :
              Defendant.      :
                              :
------------------------------X
```

Upon the application of the United States of America and the affirmation of Elinor L. Tarlow, Assistant United States Attorney for the Southern District of New York, it is found that the defendant was charged with violations of 21 U.S.C. § 963 and 18 U.S.C. § 924(c), 924(o), 3238 and 2, in a complaint dated February 28, 2020, was arrested in another district, and was presented in that district on March 3, 2020;

It is further found that on April 2, 2020, United States Magistrate Judge Sarah L. Cave entered an order granting a continuance until May 2, 2020;

It is further found that the defendant was presented before United States Magistrate Judge Judith C. McCarthy on April 23, 2020, and was detained on consent;

It is further found that the Government has requested, over the defendant's objection, a 30-day extension of the time within which to conduct a preliminary hearing, pursuant to Federal Rule

of Criminal Procedure 5.1(d), and a 30-day continuance of the time within which to file an indictment or information, pursuant to 18 U.S.C. § 3161(h)(7)(A);

It is further found that on March 13, 2020, in *In re Coronavirus/COVID-19 Pandemic*, No. 20 Misc. 154 (S.D.N.Y. Mar. 13, 2020), and on April 20, 2020, in *In re Coronavirus/COVID-19 Pandemic*, No. 20 Misc. 196 (S.D.N.Y. Apr. 20, 2020), the Honorable Colleen McMahon, Chief United States District Judge, issued Standing Orders "to protect public health," "to reduce the size of public gatherings" and to reduce travel in light of the current coronavirus/COVID-19 pandemic;

It is further found that the Standing Orders, of which this Court takes judicial notice and adopts and incorporates here by reference, authorize individual judges to take additional actions consistent with the orders;

It is further found, based on the findings set forth in the Standing Orders and the facts set forth in the Government's application, that the current coronavirus/COVID-19 pandemic creates extraordinary obstacles to preparing for and conducting a preliminary hearing, and thus extraordinary circumstances exist and justice requires an extension of the time within which to conduct a preliminary hearing;

It is further found, based on the findings set forth in the Standing Orders and the facts set forth in the Government's

2

application, that in light of the current coronavirus/COVID-19 pandemic, the granting of a continuance best serves the ends of justice and outweighs the best interests of the public and the defendant in a speedy trial; and

It is further found that extending the time within which to conduct a preliminary hearing and granting a continuance is consistent with the Standing Orders' directives entered to protect public health, reduce the size of public gatherings, and reduce travel.

Therefore, it is ORDERED that the request for an extension of the time within which to conduct a preliminary hearing, pursuant to Federal Rule of Criminal Procedure 5.1(d), and the request for a continuance, pursuant to 18 U.S.C. § 3161(h)(7)(A), are hereby granted until June 8, 2020, and that a copy of this Order and the affirmation of Assistant United States Attorney Elinor L. Tarlow be served on this date on counsel for the defendant by the United States Attorney's Office.

Dated:   New York, New York
         May 5, 2020

                                    _____
                                    HONORABLE BARBARA C. MOSES
                                    UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

- v. -

GEOVANNY FUENTES RAMIREZ,

Defendant.

**EXTENSION OF PRELIMINARY HEARING DATE,
ORDER OF CONTINUANCE,
AFFIRMATION, AND APPLICATION**

20 Mag. 02370

Geoffrey S. Berman
United States Attorney.