# M&B
## MOSKOWITZ & BOOK, LLP

Avraham C. Moskowitz
AMoskowitz@mb-llp.com

345 Seventh Avenue, 21st Floor
New York, NY 10001
Phone: (212) 221-7999
Fax: (212) 398-8835

May 6, 2020

**VIA ECF**

Honorable Barbara Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

       *Re:*  U.S v. Fuentes Ramirez
           20-M-02370

Dear Judge Moses,

  This letter is respectfully submitted on behalf of the defendant, Geovanny Fuentes-Ramirez, to oppose the Government's application for a 30 day extension of the preliminary hearing in the above captioned matter and request that the Court hold a preliminary hearing on May 7, 2020, as required by Rule 5.1 of the Federal Rules of Criminal Procedure. Without a defendant's consent to extend the time limit for a preliminary hearing, Rule 5.1(d) permits a Magistrate Judge to extend the time limits only on a "showing that extraordinary circumstances exist and justice requires the delay." The Government has failed to make such a showing.

  In support of its application, the Government enumerates what it contends would be the "exceptionally difficult" steps to prepare for and conduct a preliminary hearing during the current COVID-19 pandemic and claims that those difficulties amount to extraordinary circumstances warranting an extension. See Govt. Affirmation ¶ 12. Mr. Fuentes-Ramirez disagrees.

  Much of the Government's argument is premised on the false assumption that the preliminary hearing would need to be conducted in person, in a courtroom. Mr. Fuentes-Ramirez concedes that the current public health crisis forecloses the possibility of an in-court preliminary hearing. But there is no reason why the preliminary hearing could not be conducted by video teleconference or telephone conference. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") provides that video teleconferencing and telephone conferencing may be used for preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure. And on March 30, 2020, by Standing Order M10-468, Chief Judge Colleen McMahon authorized the use

Honorable Barbara Moses
May 6, 2020
Page 2

of video teleconferencing or telephone conferencing for preliminary hearings.  See 20 MC 176. On April 8, 2020, protocols were established for teleconference hearings with inmates at the MCC and MDC, effective April 20, 2020.

      The Government argues that preparation for a preliminary hearing would require "witnesses, prosecutors, and law enforcement agents to travel in order to review files and records, meet with counsel and attend a grand jury presentation." Govt. Affirmation ¶ 12.  It is impossible to believe that this type of preparation could not be done remotely, and the Government has not offered a valid reason to the contrary.  The criminal justice system has not come to a halt because of the pandemic.  Practitioners and the courts are all conducting business remotely and will continue to do so for the foreseeable future. Just as defense counsel are compelled to review files and communicate with clients remotely, so too can the Government meet with and prepare its witnesses.  Unlike defense counsel, who are restricted to a thirty-minute telephone call with their clients that occur sporadically and at the whim of the Bureau of Prisons, the Government has unlimited electronic, telephonic and video conferencing access to its witnesses.  To the extent that the Government intends to rely on testimony from cooperating witnesses who are currently incarcerated, their testimony, like that of any other witness, can be presented either by videoconference or telephonically. Moreover, as is common practice in this district in grand jury proceedings, the Government can choose to present the evidence it has obtained from its cooperating witnesses by calling law enforcement agents, who can testify as to the statements made by the cooperating witnesses during the course of their debriefing sessions and thus, this Court need not be concerned that incarcerated witnesses that the Government claims it needs to establish probable cause will not be available to testify at a preliminary hearing. In sum, as long as the DEA, FBI, and other law enforcement agencies are still conducting investigations and making arrests, the Government should adapt to the new reality and be prepared to proceed in a manner that protects the speedy trial and due process rights of the people they prosecute.

      The Government also claims that some of the pieces of evidence it needs for a preliminary hearing may not be available in time for the May 7, 2020 hearing.  Specifically, the Government points to personnel shortages in the DEA resulting in delays in "extracting and analyzing the contents of seized electronic devices, including devices seized from the defendant." Id.  This claim by the Government is a red herring that should be swiftly rejected. First, the Government seems to be confusing a preliminary hearing with a trial.  At a preliminary hearing, the Government has the burden of establishing probable cause to believe an offense has been committed and the defendant committed it.  It is not required to establish proof beyond a reasonable doubt.  It seems unlikely that the Government would need to present phone extraction records to establish probable cause at a preliminary hearing. The Government obtains indictments without this sort of evidence all the time.  Indeed, the Government established sufficient probable cause to obtain an arrest warrant for the defendant without relying on any evidence that may be contained in cell phones seized from the defendant at the time of his arrest. Second, the Government should have prepared for these difficulties far in advance of the approaching preliminary hearing deadline.  As detailed in the Government's Affirmation, ¶ 2, the defendant was arrested in Florida on March 1, 2020, twelve days before Judge McMahon issued

Honorable Barbara Moses
May 6, 2020
Page 3

the First Standing Order suspending criminal trials in this district and more than three weeks before it became difficult to obtain a quorum of grand jurors. The defendant did not appear in this district until April 23, when he was presented telephonically before Magistrate Judge McCarthy and counsel was appointed to represent him. Thus, the Government had ample opportunity to present evidence to a grand jury before it became difficult to obtain a quorum and it certainly has had ample time, more than two months, to prepare for a preliminary hearing in this case. The Government has been on notice that an indictment by grand jury was unlikely for more than a month and it should have begun preparing for a preliminary hearing long ago. Its failure to prepare in a timely fashion for a preliminary hearing it could and should have anticipated does not constitute "extraordinary circumstances" justifying the extension of the deadline for conducting a preliminary hearing.

In conclusion, having failed to establish that "extraordinary circumstances" exist, the Court should deny the Government's application for an extension of the preliminary hearing date. However, should the Court find that "extraordinary circumstances exist and justice requires a delay," Rule 5.1(d), it is respectfully requested that the Court only extend the time limit by the minimum number of days it finds that the Government needs to prepare for a preliminary hearing. Should additional extensions become necessary, the Government should be required to file additional requests and the Court can then determine whether extraordinary circumstances still exist and whether the interests of justice require an additional extension.

Respectfully submitted,

*Avraham C. Moskowitz*

Avraham C. Moskowitz


cc:    AUSA Elinor L. Tarlow (by email)
       AUSA Matthew Laroche (by email)
       AUSA Amanda Houle (by email)