

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 6, 2020

**BY ECF**

The Honorable Barbara C. Moses
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    *United States v. Geovanny Daniel Fuentes Ramirez*, 20 Mag. 02370

Dear Judge Moses:

    The Government respectfully writes in reply to the defendant's opposition to an extension of the preliminary hearing deadline in this case. *See* dkt. no. 10.[1]

    Conducting a preliminary hearing in light of the ongoing national public health emergency and the social distancing measures that have been established would be exceptionally difficult for the Government and the Court.[2] Although counsel argues the Government "can choose to present the evidence it has obtained from its cooperating witnesses by calling law enforcement agents" (Def. Opp'n at 2), the defendant cannot set the parameters for evidence to be offered by his adversary at a contested hearing. Along the same lines, the Government is not "confusing a preliminary hearing with a trial" (*id.*), and it is not for the defendant to decide what types of physical evidence are necessary to the Government's presentation or the Court's determination at a hearing. And the defendant ignores other challenges posed by conducting a preliminary hearing by videoconference or teleconference, including difficulties in the parties' questioning and cross-examination of witnesses appearing solely by phone or videoconference and in the Court's assessment the witnesses' credibility.

---

[1] The defendant's opposition does not address, and thus concedes, the Government's motion for a continuance and exclusion of time under the Speedy Trial Act.

[2] ███████████████████████████████████████████████████████████

Furthermore, conducting a preliminary hearing by videoconference or teleconference would not mitigate many of the health risks to prosecutors, agents, and witnesses that would arise through the preparation for such a hearing. Counsel is simply wrong that the Government has "unlimited electronic, telephonic and video conferencing access to its witnesses." (*Id.*). Preparing for a remote preliminary hearing likely would require travel and in-person contact involving prosecutors, agents, and witnesses to prepare for testimony and collect evidence. Among other things, prosecutors and agents likely would need to meet in-person in order to transfer files and evidence that could not be transferred electronically and to review such evidence together in the course of preparation for testimony. Moreover, any preparations by the Government for cooperating witnesses to testify at a preliminary hearing---or for agents, all of whom live in [REDACTED], to refresh their recollections by communicating with the cooperating witnesses---could divert resources from the BOP's ongoing efforts to safely administer the prisons.[3] So too would the requirement that the defendant be brought to the courthouse or be made available for a video- or teleconference in connection with a hearing, which could potentially require that two or more such facilities be made available by the BOP and Marshals (for the defendant and incarcerated witnesses).

The defendant asserts that the Government must bear the consequences of these circumstances because of its decision to arrest him during the onset of the COVID-19 pandemic. But the Government arrested the defendant on March 1, 2020 only because the defendant was scheduled to leave the United States on a return flight to Honduras where he resides. The Government's decision of ensuring that the defendant was not able to leave the United States before effectuating his arrest warrant should not mean that the Government now has to place witnesses, law enforcement agents, and others at significant health and safety risks.

As set forth in the Government's application, over the past month, four Magistrate Judges of this Court have found that these types of circumstances satisfy Rule 5.1(d). *See United States v. Carrillo-Villa*, --- F. Supp. 3d ---, 2020 WL 1644773 (S.D.N.Y. Apr. 2, 2020); *United States v. Rivera*, No. 20 Mag. 1615, Dkt. 18 (S.D.N.Y. Apr. 10, 2020); *United States v. Gonzalez*, No. 20 Mag. 3131, Dkt. 10 (S.D.N.Y. Apr. 20, 2020); *United States v. Palmer*, No. 19 Mag. 9533, Dkt. 15 (S.D.N.Y. Apr. 24, 2020). In *Carrillo-Villa*, Judge Gorenstein granted a 30-day extension of the preliminary hearing deadline (expressly noting that the order was "without prejudice to any future application that may justify an additional extension"), citing Chief Judge McMahon's findings in the First and Second Standing Orders, and concluding that there were "significant impediments to conducting a preliminary examination tomorrow or in the near future," including that "[r]elevant evidence . . . could potentially be unavailable." 2020 WL 1644773, at *2-3 & n.2. Similarly, in *Rivera*, Judge Cott granted a 30-day extension of the preliminary hearing deadline, finding that "the current coronavirus/COVID-19 pandemic creates extraordinary obstacles to

---

[3] [REDACTED]

preparing for and conducting a preliminary hearing, and thus extraordinary circumstances exist and justice requires an extension of the time within which to conduct a preliminary hearing." 20 Mag. 1615, Dkt. 18. In *Gonzalez*, in extending the preliminary hearing deadline, Judge Parker likewise recognized that "the current coronavirus/COVID-19 pandemic creates extraordinary obstacles to preparing for and conducting a preliminary hearing, and thus extraordinary circumstances exist and justice requires an extension of the time within which to conduct a preliminary hearing." 20 Mag. 3131, Dkt. 10. And most recently, in *Palmer*, Judge Netburn granted a 30-day extension of the preliminary hearing deadline, citing Chief Judge McMahon's findings in the First and Fifth Standing Orders, and concluding that "the current coronavirus/COVID-19 pandemic creates extraordinary obstacles to preparing for and conducting a preliminary hearing, and thus extraordinary circumstances exist and justice requires an extension of the time within which to conduct a preliminary hearing." 19 Mag. 9533, Dkt. 15.

Courts outside the District have reached similar conclusions. On April 21, 2020, the Eastern District of New York issued a standing order extending all preliminary hearing deadlines in that District to 60 days after the initial appearance, in any case in which a preliminary hearing would otherwise be required between April 27, 2020, and *June 15, 2020*. *In re Coronavirus/COVID-19 Pandemic*, No. 2020-15 ¶ 8 (E.D.N.Y. Apr. 21, 2020); *see also In re Coronavirus/COVID-19 Pandemic*, No. 2020-11 (E.D.N.Y. Mar. 18, 2020) (same for earlier period of March 18, 2020, to April 27, 2020); *United States v. Hughes*, 2020 WL 1331027, at *2 (W.D. Wash. Mar. 23, 2020) (incorporating standing order delaying preliminary hearings until at least June 1, 2020); *United States v. Munoz*, 2020 WL 1433400, at *1 (S.D. Cal. Mar. 24, 2020) (extending preliminary hearing deadline by 30 days).

Notably, in *Carrillo-Villa*, Judge Gorenstein extended the preliminary hearing deadline notwithstanding defense counsel's request to conduct the hearing by videoconference or teleconference. *See Carrillo-Villa*, 20 Mag. 3073, Dkt. 13 at 1 n.1. In *Gonzalez*, Judge Parker likewise extended the preliminary hearing deadline despite defense counsel's request to conduct a video or telephonic hearing. *See Gonzalez*, 20 Mag. 3131, Dkt. 10. And the recent Eastern District of New York Standing Order issued on April 21 adjourns preliminary hearing deadlines falling between now and June 15 for 60 days from the initial appearance, and does not mandate that such hearings instead be conducted without delay by videoconference or teleconference.

Accordingly, because the Government has shown that "extraordinary circumstances exist and justice requires the delay" of the time within which to conduct a preliminary hearing, Fed. R. Crim. P. 5.1(d), and that "the ends of justice" are served by granting a continuance of the date by which the Government must seek an indictment, 18 U.S.C. 3161(h)(7)(A), the Government respectfully requests that its application for an extension of time within which to conduct a preliminary hearing or to seek an indictment should be granted, until June 8, 2020.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney
        Southern District of New York

By: _____/s/_____
     Amanda L. Houle / Matthew J. Laroche /
     Jason A. Richman / Elinor L. Tarlow
     Assistant United States Attorneys
     (212) 637- 2194 / 2420 / 2589 / 1036

Cc: Defense counsel (by ECF)