# M&B
## MOSKOWITZ & BOOK, LLP

Avraham C. Moskowitz
AMoskowitz@mb-llp.com

345 Seventh Avenue, 21st Floor
New York, NY 10001
Phone: (212) 221-7999
Fax: (212) 398-8835

July 9, 2020

**VIA ECF**

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      *Re:* U.S v. Fuentes Ramirez
         15 Cr. 379

Dear Judge Castel,

  This letter is respectfully submitted on behalf of the defendant, Geovanny Fuentes-Ramirez, to request that the Court permit the defense to access records and papers concerning the constitution of the grand jury in this case, including materials related to the Master and Qualified Grand Jury Wheels. Access to these records is required by the Fifth and Sixth Amendments to the United States Constitution and on the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f).

  Mr. Fuentes-Ramirez was indicted in May 2020. As a result of the ongoing pandemic, the grand jury that indicted him was sitting in White Plains, rather than in Manhattan, and most members of the public in the Southern District of New York were under a stay-at-home order. These circumstances may have compromised Mr. Fuentes-Ramirez's right to a grand jury selected from a fair cross-section of the community.

  Under 28 U.S.C. § 1867(f), a defendant has the right to "inspect, reproduce, and copy… records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of … a motion" to challenge the composition of the jury on the ground that it failed to reflect a fair cross-section of the community. 28 U.S.C. §§ 1867(a), (f); see also *Test v.United States*, 420 U.S. 28, 30 (1975). Inspection of such materials is essential to a defendant's ability to determine whether he has a potentially meritorious challenge. *Id.*

Honorable P. Kevin Castel
July 9, 2020
Page 2

Therefore, "an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'" *Id.* (quoting 28 U.S.C. § 1861(d)).

Notably, a defendant is not required to demonstrate a likelihood of success in order to gain access to the relevant records. *See, e.g.*, *United States v. Williamson*, 903 F.3d 124, 133 (D.C. Cir. 2018); *United States v. Royal*, 100 F. 3d 1019, 1025 (1st Cir. 1996); *see also United States v. Gotti*, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that information would reveal a violation). Instead, to invoke the right to inspect under 28 U.S.C. § 1867(f) and "[t]o avail himself of [the] right of access to otherwise non-public jury selection records, a litigant need only allege that he [or she] is preparing a motion challenging the jury selection procedures." *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted)

This Court recently granted a motion seeking the same relief for similar reasons in *United States v. Valdez Simmons*, 20 Crim. 294 (PKC), and other courts in this District have recently done the same. *See, e.g.*, *United States v. Saipov*, 17 Cr. 722 (VSB), 2020 WL 915808 (S.D.N.Y. Feb. 26, 2020). Similar motions are pending in several additional cases before this Court and others in this District. *E.g.*, *United States v. Rodriguez*, 20 Cr. 301 (PKC); *United States v. Baker et al.*, 20 Cr. 288 (LJL); *United States v. Balde*, 20 Cr. 281 (KPF); *United States v. Williams*, 20 Cr. 286 (WHP); *United States v. Henry*, 20 Cr. 293 (LJL), *United States v. Shulte*, 17 Cr. 548 (PAC), *United States v. Leonos-Perez*, 20 Cr. 300 (PAC), *United States v. Hightower*, 20 Cr. 303 (RMB).

Should this motion be granted, the defense intends to retain the services of statistician Jeffrey Martin to conduct an analysis of whether the Southern District's grand jury plan procedures violate Mr. Fuentes-Ramirez's right to a jury selected at random from a fair cross-section of the community. He will do so by comparing the grand jury records to appropriate contemporary census data, enabling the defendant to determine whether he has grounds for a challenge under Section 1867(a). Notably, Mr. Martin's analysis will not require any personal identifying information for the individuals whose records are maintained by the jury clerk's office.

Mr. Martin is providing similar services in most or all of the pending cases identified herein. A copy of the declaration Mr. Martin submitted to this Court in *United States v. Valdez Simmons*, 20 Crim. 294 (PKC), in which he identifies the categories of documents to which he will need access in order to provide the required analysis, is attached hereto as Exhibit A.

Honorable P. Kevin Castel
July 9, 2020
Page 3

      We therefore respectfully move the Court for an Order granting access to the full set of records identified in Attachment 1 to the annexed Martin Declaration.

                                                   Respectfully submitted,

                                                   Avraham C. Moskowitz

                                                 Christopher R. Neff

cc:      AUSA Elinor L. Tarlow (by email)
           AUSA Matthew Laroche (by email)
           AUSA Amanda Houle (by email)