# M&B
## MOSKOWITZ & BOOK, LLP

Avraham C. Moskowitz
AMoskowitz@mb-llp.com

345 Seventh Avenue, 21st Floor
New York, NY 10001
Phone: (212) 221-7999
Fax: (212) 398-8835

July 9, 2020

**VIA ECF**

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Defendant may inspect and copy to the extent permitted by 28 USC § 1867(f).  Defendant should negotiate the precise scope of that inspection and copying with the government in the first instance.
SO ORDERED.
Dated:  7/15/2020

_P. Kevin Castel_
P. Kevin Castel
United States District Judge

     Re: U.S v. Fuentes Ramirez
        15 Cr. 379

Dear Judge Castel,

   This letter is respectfully submitted on behalf of the defendant, Geovanny Fuentes-Ramirez, to request that the Court permit the defense to access records and papers concerning the constitution of the grand jury in this case, including materials related to the Master and Qualified Grand Jury Wheels.  Access to these records is required by the Fifth and Sixth Amendments to the United States Constitution and on the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f).

   Mr. Fuentes-Ramirez was indicted in May 2020.  As a result of the ongoing pandemic, the grand jury that indicted him was sitting in White Plains, rather than in Manhattan, and most members of the public in the Southern District of New York were under a stay-at-home order.  These circumstances may have compromised Mr. Fuentes-Ramirez's right to a grand jury selected from a fair cross-section of the community.

   Under 28 U.S.C. § 1867(f), a defendant has the right to "inspect, reproduce, and copy… records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of … a motion" to challenge the composition of the jury on the ground that it failed to reflect a fair cross-section of the community. 28 U.S.C. §§ 1867(a), (f); see also *Test v. United States*, 420 U.S. 28, 30 (1975).  Inspection of such materials is essential to a defendant's ability to determine whether he has a potentially meritorious challenge. *Id*.

Honorable P. Kevin Castel
July 9, 2020
Page 2

Therefore, "an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'" *Id.* (quoting 28 U.S.C. § 1861(d)).

Notably, a defendant is not required to demonstrate a likelihood of success in order to gain access to the relevant records. *See, e.g.*, *United States v. Williamson*, 903 F.3d 124, 133 (D.C. Cir. 2018); *United States v. Royal*, 100 F. 3d 1019, 1025 (1st Cir. 1996); *see also United States v. Gotti*, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that information would reveal a violation). Instead, to invoke the right to inspect under 28 U.S.C. § 1867(f) and "[t]o avail himself of [the] right of access to otherwise non-public jury selection records, a litigant need only allege that he [or she] is preparing a motion challenging the jury selection procedures." *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted)

This Court recently granted a motion seeking the same relief for similar reasons in *United States v. Valdez Simmons*, 20 Crim. 294 (PKC), and other courts in this District have recently done the same. *See, e.g.*, *United States v. Saipov*, 17 Cr. 722 (VSB), 2020 WL 915808 (S.D.N.Y. Feb. 26, 2020). Similar motions are pending in several additional cases before this Court and others in this District. *E.g., United States v. Rodriguez*, 20 Cr. 301 (PKC); *United States v. Baker et al.*, 20 Cr. 288 (LJL); *United States v. Balde*, 20 Cr. 281 (KPF); *United States v. Williams*, 20 Cr. 286 (WHP); *United States v. Henry*, 20 Cr. 293 (LJL), *United States v. Shulte*, 17 Cr. 548 (PAC), *United States v. Leonos-Perez*, 20 Cr. 300 (PAC), *United States v. Hightower*, 20 Cr. 303 (RMB).

Should this motion be granted, the defense intends to retain the services of statistician Jeffrey Martin to conduct an analysis of whether the Southern District's grand jury plan procedures violate Mr. Fuentes-Ramirez's right to a jury selected at random from a fair cross-section of the community. He will do so by comparing the grand jury records to appropriate contemporary census data, enabling the defendant to determine whether he has grounds for a challenge under Section 1867(a). Notably, Mr. Martin's analysis will not require any personal identifying information for the individuals whose records are maintained by the jury clerk's office.

Mr. Martin is providing similar services in most or all of the pending cases identified herein. A copy of the declaration Mr. Martin submitted to this Court in *United States v. Valdez Simmons*, 20 Crim. 294 (PKC), in which he identifies the categories of documents to which he will need access in order to provide the required analysis, is attached hereto as Exhibit A.

Honorable P. Kevin Castel
July 9, 2020
Page 3

      We therefore respectfully move the Court for an Order granting access to the full set of records identified in Attachment 1 to the annexed Martin Declaration.

                                                Respectfully submitted,

                                                Avraham C. Moskowitz

                                                Christopher R. Neff

cc:      AUSA Elinor L. Tarlow (by email)
          AUSA Matthew Laroche (by email)
          AUSA Amanda Houle (by email)

# EXHIBIT A

# DECLARATION OF JEFFREY MARTIN

The undersigned, Jeffrey Martin, declares as follows:

1. My name is Jeffrey O'Neal Martin. I hold a Bachelor's degree in Mathematics and Economics from Vanderbilt University and a Master's degree in Economics from the University of Chicago.
2. I am employed as a consultant on statistical issues, a consultant on actuarial issues, and as a consultant to political campaigns. I have been qualified as an expert on statistical issues in Federal Courts and State Courts.
3. Since 1997, I have been involved in cases involving challenges to the jury lists in Federal and State Courts.
4. I have been asked by counsel for Valdez Simmons to review the construction and implementation of the Master Jury Wheel and Qualified Jury Wheel that was used to select Grand Jurors in this case.
5. In order to complete the review, I require data as listed in "Attachment 1" for data relating to the Grand Jury in this case.
6. I am prepared to answer any questions the Court may have and will be glad to discuss ways in which the data can be delivered that best fits the way in which the Clerk's office operates.
7. I do not seek any personal information that would allow the identification of any individual.
8. The information requested is common to other reviews of Federal jury wheels that I have been asked to perform. The information requested herein has been provided to me in connection with my work as an expert in approximately 10 similar challenges brought on behalf of federal criminal defendants in this and other federal jurisdictions.
9. In "Attachment 1" items #1 through #15 do not involve any personal or other information that could be used to identify any individual.
10. In "Attachment 1" items #16 through #19 should only include the randomly generated Juror Number and not the Name, Street Address, Day of Birth, or Month of Birth. In this way, no individual person can be identified.
11. In "Attachment 1" item #20 should have the individual's Name and Street Address redacted in order to remove any personally identifiable information.
12. In "Attachment 1" items #21 through #23 inherently include personally identifiable information. The personal information can be redacted or only supplied for inspection in the Clerk's office to safeguard personal information.
13. Item #23 is requested to determine the demographic effects of the current pandemic on the operation of the grand jury in this case. This type of information is specific to the current pandemic and has not been requested in other reviews I have been asked to perform.

Case 1:15-cr-00637-KAM Document 361 Filed 07/16/20 Page 63 of 85
Case 1:20-cr-00234-PKC Document 16-1 Filed 06/22/20 Page 2 of 4

Page 2

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated this 22nd day of June 2020

_____Jeffrey Martin

## ATTACHMENT 1

1) The Jury Plan for the Southern District of New York currently in effect and, if different in any respect, at the time grand jurors were summoned in this case. This Plan is believed to be the "Amended Plan for the Random Selection of Grand and Petit Jurors in the United States District Court for the Southern District of New York" effective February 13th, 2009.

2) A description of any changes from the previous procedures or from the Jury Plan for the grand jury or creation of the grand jury because of the Covid-19 pandemic.

3) Any order of the Court that effects the previous procedures or the Jury Plan for the grand jury or creation of the grand jury because of the Covid-19 pandemic.

4) A description of work done, contact information, and communications with any vendors in the creation of the Master and Qualified Jury Wheels used to summon grand jurors in this case.

5) The jury division chosen for the grand jury in this case.

6) A description of reason for the choice of jury division for the grand jury in this case.

7) Any AO-12 form or JS-12 form created which relates to the District and Divisional Master Jury Wheels and Qualified Jury Wheels that were used to summon the grand jurors who returned the indictment in this case as required by 28 U.S.C. § 1863(a).

8) Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheels and Qualified Jury Wheels that were used to summon grand jurors in this case with the Jury Plan, Jury Selection and Service Act and constitutional requirements.

9) The date when the Master Jury Wheel that was used to summon grand jurors in this case was refilled as described in the Jury Plan Section III B.

10) The record of the steps, numbers, and calculations as described in the Jury Plan Section II A.

11) The general notice explaining the process by which names are periodically and randomly drawn as described in the Jury Plan Section III D.

12) The calculation of the division of jurors from Westchester, Putnam, and Rockland Counties to reasonably reflect the relative number of registered voters as described in the Jury Plan Section IV B.

13) The procedures implemented related to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable as described in the Jury Plan Section III E.

14) The date when grand jurors were summoned in this case.

15) The number of persons summoned from the Qualified Jury Wheel to be considered as grand jurors in this case.

16) The District, Manhattan Division, and White Plains Division Master Jury Wheel data as described in the Jury Plan Sections III A, III B and III C in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division.

17) The District, Manhattan Division, and White Plains Division Qualified Jury Wheel data as described in the Jury Plan Section III D in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division.

18) Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification who either had their qualification form returned by the postal service, did not respond or were disqualified or exempted from jury service as described in the Jury Plan. The data should be in electronic and accessible form that includes Juror Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

19) The Juror Number only (and not Name or Street Address) for persons selected as potential grand jurors in this case.

20) The source of data in electronic form for the Master Jury Wheel used to summon grand jurors in this case as described in the Jury Plan Sections I (4) and III A (voter registration list). The data should include, as available, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division but not any personal information or information that could be used to identify any individual such as Name or Street Address.

21) The juror qualification and summons forms for persons summoned to potentially become grand jurors in this case.

22) The disposition of each summoned potential grand juror in this case as to excusal, deferment, disqualification or selection as described in the Jury Plan.

23) The attendance record and reason for absence by date for each grand juror.