

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 8, 2021

<u>Via ECF</u>
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Geovanny Fuentes Ramirez*,
            **S6 15 Cr. 379 (PKC)**

Dear Judge Castel:

      We write to propose requests to charge and voir dire in this matter.

      As the Court is aware, in October 2019, Juan Antonio Hernandez Alvarado, one of the defendant's alleged co-conspirators, proceeded to trial on the charges contained in superseding indictment S2 15 Cr. 379 (PKC). Hernandez Alvarado was charged in that indictment with (i) participating in a conspiracy to import cocaine into the United States, in violation of 21 U.S.C. §§ 952, 960, and 963 (Count One); (ii) carrying and using machineguns and destructive devices during and in relation to his drug-trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(B)(ii), and 2 (Count Two); (iii) participating in a conspiracy to carry and use machineguns and destructive devices during and in relation to his drug-trafficking offense, in violation of 18 U.S.C. § 924(o) (Count Three); and (iv) making false statements to law enforcement, in violation of 18 U.S.C. § 1001 (Count Four).

      In this case, superseding indictment S6 15 Cr. 379 (PKC) charges the defendant with the same statutory violations at issue in Counts One through Three against Hernandez Alvarado. As a result, the Government respectfully requests that the Court give the same general introductory, substantive law, and concluding charges as those given in Hernandez Alvarado's case, except that the Court (i) change the timeframe of the narcotics importation and weapons possession conspiracies to between in or about 2009 and in or about 2020, as reflected in the S6 Indictment; and (ii) omit substantive law charges with respect to making false statements. The enclosed proposed requests reflect those modifications but are otherwise identical to the Court's instructions in Hernandez Alvarado. The Government also respectfully requests that the Court consider several additional enclosed proposed jury instructions to the extent they are applicable in this case as a result of evidence or arguments at the upcoming trial, including instructions for conscious avoidance, similar act evidence, stipulations of testimony, character witness testimony, and testimony by the defendant. Similarly, given the substantial overlap in subject matter, the

Hon. P. Kevin Castel  Page 2
January 8, 2021

Government respectfully requests that the Court use the same voir dire for Fuentes Ramirez's upcoming trial as it did in Hernandez Alvarado's case, except that the Court use an updated list of names and locations accompanying the general voir dire questions, which the Government will provide at the final pretrial conference.

      For the Court's convenience, the Government is attaching proposed charges and voir dire consistent with the above proposal as Exhibits A and B, respectively, to this letter.

                                          Respectfully Submitted,

                                          AUDREY STRAUSS
                                          Acting United States Attorney for the
                                          Southern District of New York

                    By:        /s/
                           Jacob Gutwillig
                           Matthew Laroche
                           Jason A. Richman
                           Elinor Tarlow
                           Assistant United States Attorneys
                           (212) 637-2215 / 2420 / 2589 / 1036

Cc:    Defense Counsel (Via ECF)