# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

GEOVANNY FUENTES RAMIREZ,

Defendant.

S6 15 Cr. 379 (PKC)

## THE GOVERNMENT'S REQUESTS TO CHARGE

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
*Attorney for the United States of America*

Jacob Gutwillig
Matthew Laroche
Jason A. Richman
Elinor Tarlow
Assistant United States Attorneys
        *-Of Counsel*

**TABLE OF CONTENTS**

**GENERAL INTRODUCTORY CHARGES** ............................................................. **5**

I.      Introductory Remarks ......................................................................... 5

II.     Role of the Court ................................................................................ 5

III.    Role of the Jury.................................................................................. 6

IV.     Conduct of Counsel ............................................................................ 6

V.      Sympathy or Bias ............................................................................... 6

VI.     Parties ............................................................................................... 7

VII.    Burden of Proof.................................................................................. 7

VIII.   What is and Is Not Evidence ............................................................... 8

IX.     Direct and Circumstantial Evidence .................................................... 9

X.      Witness Credibility ........................................................................... 10

XI.     Prior Inconsistent Statements........................................................... 11

XII.    Bias of Witnesses ............................................................................. 12

XIII.   Law Enforcement Witnesses ............................................................. 13

XIV.    Statements of the Defendant ............................................................. 13

XV.     Redaction of Evidence ...................................................................... 13

XVI.    Spanish Language Testimony............................................................ 13

XVII.   Stipulations (of Fact) ........................................................................ 13

XVIII.  Cooperator Witness Testimony......................................................... 14

XIX.    Use of Evidence Obtained Pursuant to Search ................................... 15

XX.     Use of Recordings ............................................................................ 16

XXI.    Particular Investigative Techniques Not Required .............................. 16

XXII.   Preparation of Witnesses .................................................................. 17

XXIII.  Expert Testimony ............................................................................. 17

XXIV.   Charts and Summaries ...................................................................... 18

XXV.    Persons Not on Trial......................................................................... 18

XXVI.   Uncalled Witnesses - Equally Available ............................................ 18

XXVII.  Defendant's Right Not to Testify (If Requested by Defendant).............. 48

XXVIII. Ignore External Sources of Information.............................................. 19

XXIX.   Consider Each Count Separately ....................................................... 19

**THE SUBSTANTIVE LAW** ............................................................................... **20**

I.      Count One ........................................................................................ 21

A.  Elements of the Offense ............................................................................. 21

B.  First Element-Conspiracy ......................................................................... 22

   i.  Existence of a Conspiracy ..................................................................... 22

C.  Second Element - Membership in the Conspiracy ..................................... 28

D.  Count One: Time of Conspiracy ............................................................... 31

E.  Count One: Liability for Acts and Declarations of Co-Conspirators ........... 31

F.  Count One: Special Interrogatory on Drug Type and Quantity .................. 31

II.  Count Two ..................................................................................................... 33

A.  Count Two: Overview ............................................................................... 33

B.  Count Two: Elements ............................................................................... 33

C.  Count Two: Aiding and Abetting ............................................................. 35

D.  Count Two: Special Interrogatory on Firearm Type .................................. 38

III.  Count Three ................................................................................................... 38

A.  Count Three: Overview ............................................................................ 38

B.  Count Three: Elements ............................................................................ 39

C.  Count Three: Special Interrogatory on Firearm Type ............................... 40

IV.  Venue ............................................................................................................ 40

V.  Variance in Dates .......................................................................................... 40

**CONCLUDING CHARGES** ............................................................................... **41**

I.  Possible Punishment Is Not to Be Considered by the Jury ............................. 41

II.  Right to Request Exhibits or Have Testimony Read ..................................... 41

III.  Notes ............................................................................................................. 42

IV.  Duty to Deliberate/Unanimous Verdict ....................................................... 42

V.  Duties of Foreperson ..................................................................................... 43

VI.  Return of Verdict .......................................................................................... 43

**CONCLUSION** ............................................................................................. **43**

**ADDITIONAL CHARGES (If Applicable)** ...................................................... **44**

I.  Conscious Avoidance ...................................................................................... 44

II.  Similar Act Evidence ..................................................................................... 46

III.  Stipulations of Testimony ............................................................................. 47

IV.  Character Witnesses ...................................................................................... 47

V.  Defendant's Right Not to Testify (If Requested by Defendant) ..................... 47

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -                                          S6 15 Cr. 379 (PKC)

GEOVANNY FUENTES RAMIREZ,

Defendant.

---

### <u>REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully

requests that the Court include the following in its charge to the jury.

## GENERAL INTRODUCTORY CHARGES

### I.      Introductory Remarks

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties. We have reached the point where you are about to undertake your final function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

### II.      Role of the Court

It has been my duty to preside at the trial and to decide what testimony and evidence was relevant, under the law, for you to consider. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions and to apply them to the facts as you determine them.

If any attorney has stated a legal principle different from any that I state to you now in my instructions, it is my instructions that you must follow. You must not substitute your own ideas of what the law is or ought to be.

You are not to infer from any of my questions or rulings or anything else I have said or done during this trial that I have a view as to the credibility of the witnesses or how you should decide this case.

I will give you the text of these instructions for your use in the jury room. It is possible that there is a slight variance between the words I speak and the typed text that I will give you. The words I speak control over the typed text.

### III.     Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever inferences are reasonable for you to draw from the facts as you have determined them. You determine the weight of the evidence.

You have taken the oath as jurors and it is your sworn duty to determine the facts and to follow the law as I give it to  you.

### IV.     Conduct of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence or argument that the attorney believes is not properly admissible or not proper argument. Therefore, you should draw no inference from the fact that an attorney objected to any evidence, nor should you draw any inference from the fact that I sustained or overruled an objection.

### V.      Sympathy or Bias

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. The parties in this case are entitled to a trial free from prejudice about a party's race, religion, national origin, sex, or age. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Similarly, under your oath as jurors, you are not to be swayed by sympathy. Once you let fear, prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a just and true verdict. Your verdict must be based exclusively on the evidence or lack of evidence in the case.

## VI.    Parties

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater and no lesser consideration than that accorded to any other party to a litigation. All parties, whether the government or an individual, stand as equals under the law.

## VII.    Burden of Proof

The defendant in this case, Geovanny Fuentes Ramirez, has entered a plea of not guilty to the indictment.  As I told you before, the law presumes a defendant to be innocent of all charges against him. The defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, that you, as a jury, are satisfied that the government has proven the defendant's guilt beyond a reasonable doubt.

The presumption of innocence alone is sufficient to require an acquittal of a defendant unless and until, after careful and impartial consideration of all the evidence, you, as jurors, are convinced unanimously of the defendant's guilt beyond a reasonable doubt.

The question that naturally comes up is: what is a reasonable doubt? The words almost define themselves. It is a doubt founded in reason and arising out of the evidence, or the lack of evidence.  It is a doubt that a reasonable person has after carefully weighing all the evidence. Proof beyond a reasonable doubt must therefore be proof of such a convincing nature that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. Proof beyond a reasonable doubt is not proof beyond all doubt.

Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, your common sense. It is not caprice, whim, or speculation. It is not an excuse to avoid the performance of an unpleasant duty. It is not sympathy for the defendant.

The government must prove each and every element of the crimes charged beyond a reasonable doubt. This burden never shifts to a defendant. The law never imposes upon a defendant in a criminal trial the burden of calling any witnesses or producing any evidence. The fact that one party called more witnesses and introduced more evidence does not mean that you should find in favor of that party. It is the quality of evidence that matters.

If, after a fair, impartial, and careful consideration of all the evidence, you can honestly say that you are not satisfied of the guilt of a defendant - that is, if you have such a doubt as would cause you, as a prudent person, to hesitate before acting in matters of importance to yourself - then you have reasonable doubt. In that circumstance, it is your duty to return a not guilty verdict for the defendant.

On the other hand, if after a fair, impartial, and careful consideration of all the evidence, you can honestly say that you are satisfied of the guilt of the defendant and that you do not have a doubt that would prevent you from acting in important matters in the personal affairs of your own life, then you have no reasonable doubt. Under that circumstance, you should return a guilty verdict for the defendant.

## VIII.   <u>What is and Is Not Evidence</u>

The evidence in this case is the sworn testimony of the witnesses, the exhibits received into evidence, and the stipulations made by the parties.

By contrast, the questions of a lawyer are not evidence.  It is the witnesses' answers that are evidence, not the questions.

Testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict. If I have instructed you that evidence is received for only a limited purpose, then it may be considered only for that limited  purpose.

Arguments by lawyers are not evidence because the lawyers are not witnesses.  What the lawyers have said to you in their opening statements and in their summations is intended to help you understand the evidence. If, however, your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

To constitute evidence, exhibits must first be admitted or received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

It is for you alone to decide the weight of the evidence, the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

### IX.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in· reaching your verdict.

One type is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses- something he or she has seen, felt, touched, or heard.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. Let me give you an example to help you understand what is meant by circumstantial evidence.

Now I want you to assume that this morning was bright and sunny when you came into the courthouse. And I want you to assume that the windows in the courtroom when you got here were completely covered. Now we covered this particular window to keep the sun out but I want you to assume it was completely covered top to bottom so you couldn't see outside. You don't know whether it is day or night outside or snowing or raining or the sun is shining. Now

I want you to assume that the back doors of the courtroom open and in walked a person carrying an umbrella and the umbrella may be dripping. And a few minutes later somebody else comes in wearing a raincoat and you see that they are brushing droplets off their coat. Now, remember, you can't look outside. So you don't know what the weather is. But from the combination of facts that I have described for you it would be reasonable for you to infer that it had been raining.

That is all there is to circumstantial evidence. You infer, on the basis of reason and experience and common sense from one established fact, the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence.  The law makes no distinction between direct evidence and circumstantial evidence.  It simply requires that your verdict must be based on all the evidence.

### X.    **Witness Credibility**

You have had the opportunity to observe all the witnesses. It is now your duty to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence that may help you decide the truth and the importance of each witness's  testimony.

In other words, in assessing credibility, you may size up a witness in light of his or her demeanor, the explanations given, and all of the other evidence in the case.  In making your credibility determinations, use your common sense, your good judgment, and your everyday experiences in life.

If you believe that a witness knowingly testified falsely concerning any important matter, whether at trial or in a prior proceeding, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

## XI.    Prior Inconsistent Statements

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Evidence of the prior inconsistent statement may not be considered by you as affirmative evidence of the fact asserted in the statement. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his testimony, if any, to believe. If you believe that a witness has been discredited in this manner, it is exclusively your right to give the testimony whatever weight you think it deserves.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

11

## XII.    Bias of Witnesses

In deciding whether to believe a witness, you may take account of any evidence of hostility or affection that the witness may have towards the defendant or the government. You may consider any evidence that a witness may benefit in some way from the outcome of the case, and any loyalty, incentive, or motive that might cause the witness to shade the truth. You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

In deciding whether or not a witness was truthful, you may ask yourself: How did the witness appear? Was the witness candid, frank, and forthright or did the witness seem evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross examination? Was the witness consistent or contradictory? Did the witness appear to know what he was talking about? Did the witness have the opportunity to observe the facts he or she testified about?

It is your duty to consider whether the witness has permitted any bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he has not told the truth.  It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his testimony. You are not required to disbelieve an interested witness.  You may accept as much of his testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

### XIII.   Law Enforcement  Witnesses

You have heard the testimony of law enforcement officers. The fact that a witness may be employed by the federal, state, or local government as a law enforcement officer does not mean that his testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses, and to give that testimony whatever weight, if any, you find it  deserves.

### XIV.   Statements of the Defendant

You have heard evidence of certain statements allegedly made by the defendant to the DEA.  Ultimately, you are to give the statements such weight, if any, as you feel they deserve in light of all the circumstances.

### XV.   Redaction of Evidence

Among the exhibits in evidence, some documents are redacted. "Redacted" means that part of the document was covered. You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been covered.

### XVI.   Spanish  Language Testimony

One or more witnesses - more than one witness - in this trial testified using the Spanish language. That testimony was translated for you by a court-certified interpreter. Even if you speak Spanish, you are obligated under the law to accept as binding the translations of witness testimony provided to you by the court-certified interpreter.

### XVII.  Stipulations (of Fact)

In this case you have heard evidence in the form of stipulations of fact. A stipulation of fact

13

is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true. The weight or importance of the fact is a matter for you to decide.

## XVIII. Cooperator Witness Testimony

You have heard testimony from witnesses who testified that they were involved in certain crimes and are cooperating with the government in the hope of receiving a lower sentence. The law allows the use of such testimony. The testimony of a cooperating witness may alone be enough to establish the elements of a crime, if the jury believes that the testimony establishes the elements beyond a reasonable doubt.

A cooperator's testimony should be scrutinized with greater care than testimony of an ordinary witness and viewed with particular caution when you decide how much of that testimony to believe. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving truthful testimony.

The fact that a witness is cooperating with the government may be considered by you as bearing upon his credibility.  You may consider whether a cooperating witness - like any other witness called in this case - has an interest in the outcome of the case, or is biased in favor or against the defendant or the government, and if so, whether it has affected his testimony.

It is no concern of yours why the government made an agreement with a particular witness. Your sole concern is whether a witness has given truthful testimony.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether the witness would benefit more by lying, or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the

14

motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

Like the testimony of other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

If you find that the testimony was false, you should reject it. However, if, after a cautious and careful examination of a cooperating witness's testimony and assessment of his credibility, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or you may disregard it all. That is a determination entirely for you, the jury.

You have heard testimony from government witnesses who have pleaded guilty to charges arising out of the same facts that are at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant from the fact that a prosecution witness pleaded guilty to similar charges. The decision of that witness to plead guilty was a personal decision that he made about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

### XIX.   Use of Evidence Obtained Pursuant to Search

You have heard testimony about evidence seized in connection with certain searches conducted by law enforcement officers. Evidence obtained from these searches was properly admitted in this case and may be properly considered by you. Such searches were appropriate law enforcement actions.

15

Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the government's use of this evidence is entirely lawful. You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proved the defendant's guilt beyond a reasonable doubt.

## XX.   Use of Recordings

Video and audio recordings of various foreign-language conversations have been admitted into evidence, and the transcripts of English- language translations of those foreign-language recordings have been admitted into evidence.  I instruct you that it is the English translation of the conversations reflected on those transcripts that is the evidence. The parties have stipulated that the English translation of the conversations are accurate and admissible as evidence. As a result, you should not substitute your own understanding of any of the foreign languages for that of any translation that was admitted in evidence. You must accept the translations without regard to your own understanding of those foreign languages.

Whether you approve or disapprove of the recording of those conversations may not enter your deliberations. I instruct you that these recordings were made in a lawful manner, that no one's rights were violated, that the government's use of this evidence is lawful, and that it was properly admitted into evidence.  Of course, it is for you to decide what weight, if any, to give to this evidence.

## XXI.   Particular Investigative Techniques Not Required

There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the government prove its case through any particular means. While you are to carefully consider the law enforcement evidence introduced by the government, you are

16

not to speculate as to why they used the techniques they did or why they did not use other techniques. The government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.

## XXII.  <u>Preparation of Witnesses</u>

You have heard evidence during the trial that witnesses have discussed the facts of the case andtheir testimony with the lawyers before the witnesses appeared in court.

You may consider that fact when you are evaluating a witness's credibility.  There is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

## XXIII. <u>Expert  Testimony</u>

You have heard testimony from what we call expert witnesses. An expert witness is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in a specialized field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was

not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance on his or her testimony.

### XXIV. <u>Charts and Summaries</u>

The government has presented exhibits in the form of charts and summaries. These charts and summaries were admitted in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

### XXV. <u>Persons Not on Trial</u>

Some of the people who may have been involved in events leading to this trial are not on trial. There is no requirement that all members of a conspiracy charged be prosecuted or that all members be tried together in the same proceeding.

You may not draw any inference, favorable or unfavorable, from the fact that any person in addition to the defendant is not on trial here. You also may not speculate as to the reasons why other people are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

### XXVI. <u>Uncalled Witnesses - Equally Available</u>

There are people whose names you heard during the course of the trial but who did not appear to testify. I instruct you that each party had an equal opportunity or lack of opportunity to

call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

### XXVII.        Ignore External Sources of Information

I instruct you that anything you may have heard or seen outside the courtroom is not evidence and must be disregarded. Indeed, as I have instructed you throughout this case, you may not read, view, or listen to any media or press account or internet or social media posting about this case or about the people or issues referred to during the trial. Your verdict must be based solely on the evidence or the lack of evidence that came out in this Courtroom and the Court's instructions on the law.

### XXVIII.       Consider Each Count Separately

In your deliberations and in reaching your verdict, you must consider each count separately, and determine whether the government has carried it burden of proof with respect to that charge. I will provide you with a verdict form, and you will need to report the results of your deliberations on each count on the verdict form.

The indictment contains three counts. Each count constitutes a separate offense or crime. You must consider each count of the indictment separately, and you must return a separate, unanimous verdict as to each count separately. There is no significance to the order of the numbered counts or the specific number of counts charged.

You may only find the defendant guilty of a particular count if the government has

proven each element of the offense charged with respect to that count beyond a reasonable doubt. Your verdict as to one count should not control your decision as to any other count.

## THE SUBSTANTIVE LAW

Now, let us turn to the substantive law that governs this case.

The defendant, Geovanny Fuentes Ramirez, has been formally charged in what is called an indictment. An indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of a defendant's guilt. It creates no presumption, and it permits no inference that a defendant is guilty. You are to give no weight to the fact that an indictment has been returned against the defendant.

I will give you a copy of the Indictment to have in the jury room. We'll make additional copies so you can pass it around, but I will summarize the three counts or charges.

Count One charges the defendant with conspiring to violate the narcotics laws of the United States by entering into an agreement to engage in one or more of the following three types of conduct: (i) importing cocaine into the United States; (ii) manufacturing or distributing cocaine, knowing or intending that it would be imported into the United States; and (iii) possessing cocaine with intent to distribute, or manufacturing or distributing cocaine on board an aircraft registered in the United States.

That's what Count One charges. I will go through the elements of Count One, but this is sort of an overview.

Count Two charges the defendant with using or carrying machineguns or destructive devices, or aiding and abetting the use or carrying of machineguns or destructive devices, during and in relation to the crime charged in Count One of the Indictment.

Count Three charges the defendant with conspiring to use and carry machineguns or

destructive devices in connection with, and to possess machineguns or destructive devices in furtherance of, the crime charged in Count One of the Indictment.

That is a summary of the three charges. Mr. Fuentes Ramirez has pleaded not guilty to all of the charges and is presumed innocent of all charges. You must consider each charge separately and determine whether the government has carried its burden of proof with respect to that charge. In order for you to convict the defendant of a charge, it is necessary for you to find that the government has proven each and every element of that specific charge beyond a reasonable doubt.

Now I'm going to tell you what the elements of the offenses are. That's what I'm going to do this [morning]

## I.    Count One

### A. Elements of the Offense

So Count One, to sustain its burden of proof with respect to the charge of conspiracy contained in Count One of the Indictment, the government must prove beyond a reasonable doubt the following two elements:

First: that the conspiracy charged in Count One existed. In other words, that from at least in or about 2009 up to and including in or about 2020, there was an agreement or understanding between two or more persons to engage in one or more of the following types of conduct: (i) import a controlled substance in the United States; (ii) manufacture and distribute a controlled substance, knowing or intending that the controlled substance would be imported into the United States; or (iii) possessing a controlled substance with intent to distribute, and manufacture and distribute a controlled substance, on board an aircraft registered in the United States.

So that's the first element, that such a conspiracy existed. And then the second element is

21

that the defendant knowingly and intentionally associated himself with, and joined in, the conspiracy.

### B.  First Element-Conspiracy

#### i.        Existence of a Conspiracy

So, what is a conspiracy? A conspiracy is an agreement or an understanding, between two or more people, to accomplish by joint action a criminal or unlawful purpose.

The essence of conspiracy is an unlawful agreement to violate the law.  The success or failure of a conspiracy is not material to the question of guilt or lack of guilt of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy. The crime of conspiracy is complete once the defendant enters into the unlawful agreement.

To establish the existence of a conspiracy, the government is not required to show that two or more persons sat around a table and entered into a solemn pact, orally or in writing, stating that they have formed a conspiracy to violate the law, and setting forth details of the plans and the means by which the unlawful project is to be carried out, or the part to be played by each conspirator. Indeed, it would be extraordinary if there were such a formal document or specific agreement. The adage "actions speak louder than words" applies here.

When people undertake to enter into a criminal conspiracy, much is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing, nor do they publicly broadcast their plans. Express language or specific words are not required to indicate assent or attachment to a conspiracy or agreement to join a conspiracy. From its very nature, a conspiracy is almost invariably characterized by secrecy, which makes detection difficult.

You need only find that the defendant entered into the unlawful agreement alleged in

the Indictment with one or more other persons in order to find that a conspiracy existed.

If, upon consideration of all the evidence, direct and circumstantial, you find beyond a reasonable doubt that two or more persons had a meeting of the minds - that is, they agreed to work together in furtherance of the unlawful scheme - then proof of the existence of the conspiracy is established.

In order for the government to prove a conspiracy, it must prove that the conspiracy existed between at least two individuals who were not acting at the direction of the government at the time of the conspiracy.   In this case, one of the government's witnesses - Leonel Devis Rivera Maradiaga - who testified that he was involved with the Cachiros, if you remember - was acting at the direction of the government beginning in November 2013. As a result, Rivera Maradiaga may not be considered by you in determining whether the government has proven beyond a reasonable doubt that an agreement or understanding was reached between two or more individuals to accomplish the object of the conspiracy from the time Rivera Maradiaga began acting at the direction of the government in November 2013.

However, Rivera Maradiaga may be considered by you in determining whether such an agreement existed before he started acting at the direction of the government. In other words, the relevant question is whether the government has proved beyond a reasonable doubt that the criminal agreement  charged in  Count One was reached between the defendant or other individuals who were not working at the direction of the government at that time.

### *The Objects of the Conspiracy*

Now the object of the conspiracy-remember, I mentioned three objects. The object of the conspiracy is the illegal goal that the co-conspirators agree or hope to achieve.

I will once again mention the three objects of the conspiracy charged in Count One: (i) the

importation of a controlled substance from a place outside the United States into the United States; (ii) the manufacture or distribution of a controlled substance, with the knowledge or intent that some of the controlled substance would be unlawfully imported into the United States; or (iii) the possession of a controlled substance with intent to distribute, or the manufacturing or distribution of a controlled substance, on board an aircraft registered in the United States.

So the government does not have to prove all three objects charged. Rather, proof beyond a reasonable doubt of an agreement to accomplish any one of the three objects of the alleged conspiracy is sufficient. You must be unanimous as to which object you find the defendant guilty of participating in the conspiracy with that as its object. That is, you must all be in agreement with respect to at least one of the alleged objects of the conspiracy charged in Count One.

With respect to the second object - the distribution or manufacture of a controlled substance with the intent or knowledge that some of the controlled substance would be imported into the United States - it is not necessary for the government to prove that the conspiracy had as its object <u>both</u> the distribution <u>and</u> the manufacture of a controlled substance. It is sufficient if you find that the conspiracy was aimed at <u>either</u> the manufacture <u>or</u> the distribution of a controlled substance, with the intent or knowledge that some of it would later be imported into the United States. Here too, you must be unanimous as to which of these objectives - manufacture or distribution, or both - the conspiracy had.

With respect to the third object-the manufacture or distribution, or possession with intent to distribute a controlled substance on board an aircraft registered in the United States-it is not necessary for the government to prove that the conspiracy had as its object the manufacture <u>and</u> the distribution of a controlled substance, as well as the possession of a controlled substance with intent to distribute. It is sufficient if you find that the conspiracy

24

was aimed at any one of those objectives on board an aircraft registered in the United States. Here too, you must be unanimous as to which of these objectives - manufacture, distribution, or possession with intent to distribute, or all three - the conspiracy had.

I instruct you that cocaine is a controlled substance, but the purity of the narcotics involved is not an element of the crime charged, so you need not be concerned with the purity of the cocaine. I also instruct you that the defendant need not know the exact nature of the drug. Also, in considering whether a conspiracy existed, you need not consider whether the government has proven that a particular quantity of a controlled substance was involved in the charged conspiracy.

Now let me define the terms "import," "distribute," "manufacture," "possession with intent to distribute," and the phrase "on board an aircraft registered in the United States," as they apply to the objects charged in Count One.

### *"Import"*

The term "import" has its common, everyday meaning - namely, to "bring" or "introduce" something into an area of the United States. To "import" a substance means to bring or transport a substance into the United States from some place outside the United States.

It is not necessary for you to find that the defendant or any co- conspirator actually carried, or agreed to actually carry, a controlled substance into the United States. Nor must you conclude that others in the conspiracy ultimately succeeded in actually bringing the controlled substance into the country.

### *"Distribute"*

The word "distribute" means the actual, constructive or attempted transfer of a controlled substance. To distribute simply means to deliver, to pass on, to hand over something

to another person, or to cause it to be delivered, passed on or handed over to another. Distribution does not require a sale, but it includes sales.

### *"Manufacture"*

To "manufacture" a controlled substance simply means to produce, prepare or process it, or to engage or participate in a process that results in the production of the controlled substance.

Again, with respect to Count One, since the defendant is charged with conspiring to manufacture or distribute a controlled substance, it is not necessary for you to find that the defendant actually manufactured or distributed a controlled substance. Nor must you conclude that others in the conspiracy actually manufactured or distributed anything. You need only find that the defendant and others knowingly agreed to manufacture or distribute a controlled substance.

### *"Possession with Intent to Distribute"*

The word "distribution" means the process of actual, constructive, or attempted transfer of a controlled substance, including a sale. Distribution does not require a sale, but it includes sales.

The legal concept of "possession" may differ from the everyday usage of the term. Actual possession is what most of us think of as possession - that is, having physical custody of an object, as I possess this pen. However, a person need not have actual, physical possession - that is, physical custody of an object - in order to be in legal possession of it.  If a person has the ability to exercise substantial control over an object, even if he or she does not have the object in his physical custody, and that person has the intent to exercise such control, then the person is in possession of that object. This is called "constructive possession."

26

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item and another person who has actual physical custody. The person having control "possesses" the narcotics, because he or she has an effective working relationship with the person who has actual physical custody of the narcotics, and because he or she can direct the movement or transfer or disposition of the narcotics. In addition, an individual may have possession of an item that is not found on that person, because that individual has a relationship to the location where the item is maintained. In this manner, for example, a businessperson may possess things that are scattered throughout a number of stores or offices or installations around the country.

More than one person can have control over the same narcotics. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If more than one person has possession of it, as I have defined possession for you, then possession is joint. That is what is meant by "possession."

Finally, possession and ownership are not the same. A person can possess an object and not be the owner of the object.

Let me give you some examples of possession. I have told you about having the pen in my hand. That's possession. But let's say that I brought some candy in today and left it on Ms. Nacanther's desk. Ms. Nacanther knows that she can't all of the candy; she better leave some for me. I do not physically possess the candy but I do have control over it. Ms. Nacanther also has control over it. I can be said to "possess" the candy jointly with Ms. Nacanther.

One more example: Say my grandmother left some objects for me, some coins, when she died and they're now sitting in a safe deposit box at the bank. My brothers and sisters and I know that we are the only people who can get into that box. Do we have possession of the coins?

27

Absolutely, we have possession of them, even though they're in a safe deposit box inside a bank, and not in our hands or even in our homes.

If you find that a person knowingly possessed a controlled substance, then you must decide whether the person intended to distribute it. Possession "with intent to distribute" simply means the possession of a controlled substance with the intention or purpose to "distribute" it to another person or persons. As I explained, to "distribute" means simply to transfer to another.

Often it is possible to determine whether someone had an "intent to distribute" from the quantity of drugs that were possessed, although the possession of a large quantity of narcotics does not necessarily mean that an individual intended to distribute them. On the other hand, an individual may have intended to distribute a controlled substance even if he did not possess a large quantity of it.

The government need prove only one object of the conspiracy.

The government need not prove all three. You must be unanimous, however, as to which act, if any, was proven beyond a reasonable doubt to have been the object of the conspiracy.

### *"On board an aircraft registered  in the United States"*

I also instruct you that the defendant need not know that the narcotics would be or were possessed on board an aircraft that was registered in the United States. If the government proves that an aircraft used or intended to be used in the conspiracy was registered in the United States, that is enough on the registration point.

### C.  Second Element - Membership in the Conspiracy

If you conclude that the government has proven that the existence of the conspiracy charged in Count One, then you must next determine whether the defendant participated in the conspiracy with knowledge of its unlawful purpose, and in furtherance of its unlawful objective or objectives.

The government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy charged in Counts One with a criminal intent - that is, with a purpose to violate the law - and that the defendant agreed to take part of the conspiracy to promote and cooperate in its unlawful objective or objectives.

### *"Knowingly" and "Intentionally" Defined*

An act is done "knowingly" and "intentionally" if it is done deliberately and purposely. That is, a defendant's acts must have been the product of the conscious objective of the defendant, rather than a product of a mistake or accident or mere negligence or some other innocent reason. The fact that the acts of a defendant, without knowledge, merely happen to further the purposes and the objectives of the conspiracy, does not make the defendant a member.

You recall the first day we met I made reference to the fact that science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. Do you remember I said I hope we never invent such a machine. However, you do have before you evidence of certain acts, conduct, and conversations. The government contends that the defendant's acts, conduct, and conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy. By pleading not guilty, the defendant denies that he committed the charged offense. It is for you to determine whether the government has proven, beyond a reasonable doubt, the defendant's knowledge and intent.

It is not necessary for the defendant to have been the owner, or responsible for, the controlled substance that was intended to cross the United States border. Other individuals or organizations may be the owners of or responsible for the narcotics intended to cross the border, but the defendant may nonetheless be guilty of conspiring to distribute or manufacture the narcotics with the knowledge or intent that they be imported, if the Government proves the

29

elements of Count One as I am explaining them to you.

It is not necessary for the government to show that the defendant was fully aware of every detail of that conspiracy, or that the defendant knew every other member of the conspiracy. A defendant may know only one other member of the conspiracy and still be a co-conspirator. It is not necessary for a defendant to receive any monetary benefit from his participation in the conspiracy, or to have a financial stake in the outcome. It is enough if he participated in that conspiracy intentionally and knowingly.

The duration and extent of a defendant's participation in the conspiracy charged in Count One has no bearing on the defendant's guilt or lack of guilt. A defendant need not have joined the conspiracy at the outset. He may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during that conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct roles and separate and distinct acts. Some conspirators play major roles, while others play minor roles. An equal role is not what the law requires. Even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, a person's mere presence at the scene of a crime does not, by itself, make him a member of the conspiracy. Similarly, a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy exists. What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objective or objectives.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person

is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

### D.  Count One: Time of  Conspiracy

The conspiracy charged in Counts One is alleged to have existed from in or about 2009, up to and including in or about 2020. It is not essential that the government prove that the conspiracy started and ended on any specific date. Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates I just mentioned.

### E.  Count One: Liability for Acts and Declarations of Co-Conspirators

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts or statements of any member of the conspiracy, of the common purpose of the conspiracy, are deemed under the law to be the acts or statements of all members of the conspiracy, and all of the members of the conspiracy are responsible for such acts or statements made during and in furtherance of the conspiracy. This rule applies even though such acts or statements were not made or committed in the defendant's presence or were made or committed without his knowledge.

### F.  Count One: Special Interrogatory on Drug Type and  Quantity

Now, if, and only if, you find that the government has proved beyond a reasonable doubt that the defendant is guilty of participating in the conspiracy charged in Count One, then you must determine the type of controlled substance involved in the conspiracy and its weight.

You will be provided with a verdict form that will include spaces for you to respond to this inquiry.

### *Drug Type*

The government has alleged that cocaine was the controlled substance involved in the conspiracy charged in Count One. I instruct you as a matter of law that cocaine is a "controlled substance" as I previously defined for you. The government need not prove the purity of the cocaine - any mixture or substance containing a detectable amount of cocaine is sufficient.

### *Drug Quantity*

Now as to drug quantity, you need not determine the precise quantity of cocaine. Instead, if you reach the question of quantity, indicate on the verdict form whether the government has proven beyond a reasonable doubt that the conspiracy involved five kilograms or more of mixtures or substances containing a detectable amount of cocaine. Your finding on quantity must be unanimous that all of you must all agree that the conspiracy involved at least the quantity you indicate. Only if you all agree that the conspiracy involved five kilograms or more of cocaine should you mark that finding on the verdict form.

### *Defendant's Involvement*

In making your determination about quantity, you should include whatever quantity of cocaine was involved in any act or acts in which the defendant personally and directly participated.

If you find that the defendant personally or directly participated in a jointly undertaken drug transaction, he is responsible for the full quantity of the drugs involved in that transaction.

In addition, in making your determination about quantity, you should also include any other quantity of cocaine involved so as long as that quantity was either known to the defendant or reasonably foreseeable to him, and within the scope of the conspiracy. Reasonably foreseeable means that the defendant could have reasonably anticipated the type and quantity of drugs involved in the conspiracy.

32

## II.   Count Two

### A. Count Two: Overview

Count Two charges the defendant with using and carrying machineguns or destructive devices in connection with, as well as aiding and abetting the possession of machineguns or destructive devices in connection with, the drug-trafficking crime charged in Count One of the Indictment.

Specifically, Count Two charges that from at least in or about 2009, up to and including in or about 2020, the defendant, during and in relation to the narcotics importation conspiracy charged in Count One, knowingly used and carried firearms in furtherance of the conspiracy. Count Two also charges the defendant with aiding and abetting the use, carrying and possession of those firearms, specifically including machineguns that were capable of automatically shooting more than one shot without manually reloading by a single function of the trigger, as well as destructive devices.

### B. Count Two: Elements

In order to convict the defendant of Count Two, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant committed the drug-trafficking crime charged in Count One of the Indictment. Therefore, if you conclude that the defendant's guilt has been proven beyond a reasonable doubt as to Count One, then this element has been satisfied. If the government has not met its burden as to Count One, this element has not been satisfied.

Second, that the defendant knowingly used or carried a firearm during and in relation to the drug-trafficking crime charged in Count One, or possessed a firearm in furtherance of that drug-trafficking crime charged in Count One, or aided and abetted another in such use,

carrying, or possession of a firearm.

I will define for you certain terms related to the second element of Count Two.

### *"Use"*

In order to prove that the defendant used machineguns or destructive devices, the government must prove beyond a reasonable doubt an active employment of a machinegun or a destructive device by the defendant during and in relation to the commission of a drug-trafficking crime.

This does not mean that the defendant must actually fire or attempt to fire the machinegun or destructive device, although those would obviously constitute use of the machinegun or destructive device. Brandishing, displaying, or even referring to the machinegun or destructive device so that others present know that the defendant has the machinegun or destructive device available, if needed, all constitute use of a machinegun or destructive device. The mere possession of a machinegun or destructive device at or near the site of the crime without active employment as I just described it to you is not, however, sufficient to constitute use of a machinegun or destructive device.

### *"Carry"*

In order to prove that the defendant carried a machinegun or a destructive device, the government must prove beyond a reasonable doubt that the defendant had a machinegun or a destructive device within his control so that it was available in such a way that it furthered the commission of the crime. The defendant need not have held the machinegun or a destructive device physically, that is, have had actual possession of it on his person.

If you find that the defendant had dominion and control over the place where that the machinegun or a destructive device was located, and had the power and intention to exercise

34

control over that machinegun or destructive device, and that the machinegun or destructive device was immediately available to him in such a way that it furthered the commission of the drug-trafficking crime charged in Count One, you may find that the government has proven that the defendant carried the machinegun or destructive device.

### *"Possess"*

I will define that term. I have previously defined the word "possess" in connection with Count One. Those instructions apply equally here.

I will also add that possession of a machinegun or a destructive device in furtherance of a drug-trafficking crime requires that the defendant possessed a machinegun or a destructive device and that the possession advanced or moved forward the crime. The mere presence of a machinegun or a destructive device is not enough. Possession in furtherance requires that the possession be incident to and an essential part of the crime. The machinegun or destructive device must  have played some part in furthering the crime in order for this element to be satisfied.

Finally, I advise you that the fact that a defendant has a license to carry a firearm is not a defense to Count Two.

### C.  Count Two: Aiding and  Abetting

I will now instruct you on the concept of aiding and abetting. For Count Two, the defendant may be found guilty if he aided and abetted a third party who committed the crime. Aiding and abetting liability is its own theory of criminal liability.

Under the relevant federal statute, one way that a defendant may be found guilty of aiding and abetting a crime is if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime. Specifically, under the federal aiding-and-abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the

commission of an offense is punishable as a principal. A person who aids and abets another to commit an offense is just as guilty of that offense as if he had committed it himself.

Therefore, if you find that the government has proven beyond a reasonable doubt that another person actually committed a crime with which the defendant is charged, and that the defendant aided and abetted that person in the commission of the offense, then you may find the defendant guilty of that crime. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

Under this theory, in order to aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done-that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of the defendant where a crime is being committed, even when coupled with knowledge by the defendant that a crime is being committed, is not sufficient to make the defendant guilty as an aider and abettor. Such a defendant would only be guilty of the offenses as an aider or abettor if in addition to knowing of the criminal activity he actually took some action intending to help the crime succeed.

In considering this theory of liability, ask yourselves these questions:

- Did the defendant participate in the crime charged as something he wished to bring about?

- Did he associate himself with the criminal venture knowingly and willfully?

- Did he seek by his actions to make the criminal venture succeed?

If he did these things, then the defendant is an aider and abettor, and therefore guilty of the offense.

Under the statute, another way a defendant may be found guilty of aiding and abetting the criminal acts of another is if the defendant intentionally caused another person to physically commit the crime. Specifically, the statute provides that whoever "willfully causes an act to be done which if directly performed by him or another" would be an offense, is punishable as a principal.

Thus, as to Count Two, if the defendant intentionally caused another to possess a machinegun or a destructive device during and in relation to, and in furtherance of, the drug-trafficking crime charged in Count One, then the defendant is guilty of the crime charged in Count Two just as if he had physically committed the crime himself.

Finally, you may also find the defendant guilty of aiding and abetting the crime charged in Count Two if you find that he actively participated in the drug-trafficking crime charged in Count One with advance knowledge that another participant in the crime would use or carry a machinegun or destructive device in during and in relation to, or possess a machinegun or a destructive device  in furtherance of, that crime. Advance knowledge means knowledge at a time the defendant can attempt to alter the plan or withdraw from it. Knowledge of the machinegun or destructive device may, but does not have to, exist before the underlying crime is begun. It is sufficient if the knowledge is gained in the middle of the underlying crime, so long as the defendant continues to participate in the crime and has a realistic opportunity to withdraw from it. You may, but need not, infer that the defendant has sufficient foreknowledge if you find that the defendant continued his participation in the crime after learning about the use,

carrying, or possession of a machinegun or a destructive device by another person who was engaged in working with him.

### D.  Count Two: Special Interrogatory on Firearm Type

If, and only if, you find that the government has proved beyond a reasonable doubt that the defendant is guilty of committing, or aiding and abetting the commission of, the firearms offense charged in Count Two, you must then determine whether the offense involved a "machinegun" or "destructive device." The verdict form will include spaces for you to indicate your determinations as to firearm type on Count Two.

### *"Machinegun"*

A machinegun in this context is "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading,  by a single function of the trigger."

### *"Destructive Device"*

The term destructive device includes any explosive bomb or grenade, and any type of weapon other than a shotgun or a shotgun shell that will expel a projectile by the action of an explosive or other propellant, and that has any barrel with a bore of more than one-half inch in diameter.  A bore is the hollow interior of a barrel of a gun.

### III.   Count Three

### A.  Count Three:  Overview

Count Three is also a conspiracy charge.  It charges that from at least in or about 2009, up to and including in or about 2020, the defendant agreed with others to use and carry a firearm during and in relation to the drug-trafficking crime charged in Count One of the Indictment, or to possess a firearm in furtherance of the drug-trafficking crime charged in Count One.

Specifically, Count Three charges that from at least in or about 2009, up to and including in or about 2020, the defendant, and others intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the federal laws prohibiting use or carrying firearms in furtherance of the narcotics importation conspiracy charged in Count One. The object of the conspiracy charged in Count Three is the knowing use and carrying of firearms, and the knowing possession of firearms, in furtherance of the narcotics importation conspiracy charged in Count One, including machineguns that were capable of automatically shooting more than one shot without manual reloading by a single function of the trigger, as well as destructive devices.

### B.  Count Three: Elements

To sustain its burden of proof with respect to the charge of conspiracy contained in Count Three of the Indictment, the government must prove beyond a reasonable doubt the following two elements:

First, that the conspiracy charged in Count Three existed. In other words, that from at least in or about 2009 up to and including in or about 2020, there was an agreement or understanding between two or more persons to engage in one or more of the following types of conduct (i) to use or carry a firearm during and in relation to the drug-trafficking crime charged in Count One of the Indictment, or (ii) to possess a firearm in furtherance of the crime charged in Count One.

Second, the defendant must knowingly and intentionally associated himself with, and join in, the conspiracy.

I have already provided you instructions on what is means to use or carry a machinegun or a destructive device in relation to a drug-trafficking crime or possess a machinegun or destructive device in furtherance of that crime. I have already instructed you on the law of

39

conspiracy, and you should apply those instructions with respect to Count Three. All of those instructions apply equally here.

### C.  Count Three: Special Interrogatory on Firearm  Type

Now, Count Three has a special question, a special interrogatory on the verdict sheet. If, and only if, you find that the government has proved beyond a reasonable doubt that the defendant is guilty of committing the firearms offense charged in Count Three, you must then determine whether the offense involved a "machinegun" or "destructive device."

I instructed you on the meaning of the terms "machinegun" and "destructive device" in connection with Count Two, and those instructions apply equally for the Special Interrogatory on Count Three.

The verdict form will include spaces for you to indicate your determinations as to firearm type on Count Three.

### IV.    <u>Venue</u>

Congress has determined - and this is going to relate to certain of the crimes charged in the Indictment, specifically Counts One through Three of the Indictment, Congress has determined that certain acts begun or committed outside the territorial jurisdiction of the United States are chargeable under U.S. law. This applies to Counts One through Three of the Indictment.

### V.    <u>Variance in  Dates</u>

You will note that the Indictment alleges that certain acts occurred on or about various dates.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

## CONCLUDING CHARGES

### I.   Possible Punishment Is Not to Be Considered by the Jury

Now, in your deliberations, in your thinking about the case, the possible punishment of a defendant in the event of conviction is not a proper consideration for the jury and should not, in any way, enter into or influence your deliberations. The duty of imposing sentence belongs to the court, to the judge, and the judge alone. Your function is to weigh the evidence and determine whether the defendant is or is not guilty based on the evidence and the law.

So I instruct you possible punishments may not be considered in your deliberations.

### II.   Right to Request Exhibits or Have Testimony Read

With regard to the physical exhibits, if you want to see any of them, send out a note and we'll bring you into the courtroom and you can examine the physical evidence.

If you want any of the testimony read, please send out a note specifying what you want to hear, and we will bring you - we will get that to you one way or another. Please be as specific as you possibly can in requesting any portions of the testimony. If you want any further explanation of the law as I've explained it to you, you may request that.

Your request for testimony - in fact, any communications with the Court - should be made in writing, signed by your foreperson, and given to the Deputy Marshal outside the jury room who will give it to me. In any event, do not tell me or anyone how the jury stands on any issue - in other words, what the vote is. Don't tell anyone what the vote is until after a unanimous verdict is reached.

I am also sending a copy of the Indictment into the jury room for you to have during your deliberations. You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

41

### III.    Notes

Some of you have taken notes periodically throughout this trial. Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts  and its  verdict.

### IV.    Duty to Deliberate/Unanimous Verdict

Now, in the course of deliberations when you're in the jury room to decide this case, is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your conscientiously held beliefs concerning the effect or weight of the evidence for the mere purpose of returning a verdict solely because of the opinion of other jurors.

Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt the conclusion that in your good conscience appears to be in accordance with the evidence and the Court's instruction on the law.

Please remember, you are not partisans. You are judges-judges of the facts-not representatives of a constituency or a cause.

If, at any point, you find yourselves divided, as I said before do not inform the Court of what the split vote is.  Once you have reached a verdict, do not announce what that verdict is until I ask

you to do so in this Courtroom.

### V.      Duties of Foreperson

Once you go into the jury room, you must select a foreperson who will be responsible for signing all communications to the Court on behalf of the jury and for handing them to the Deputy Marshal during your deliberations.  This should not be understood to mean that an individual cannot send the Court a note should the foreperson refuse to do so.

### VI.     Return of Verdict

After you have reached a verdict, your foreperson will advise the Deputy Marshal outside the door that you have reached a verdict. The foreperson fills out one copy of the verdict sheet, signs it as foreperson and puts the date on it, and puts it in the envelope and hands it to the Deputy Marshal indicating that the envelope contains the verdict.

I will stress that each of you must be in agreement with the verdict that is announced in Court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

### CONCLUSION

Your function now is to weigh the evidence in this case and to determine whether the government has or has not proven beyond a reasonable doubt the guilt of defendant Geovanny Fuentes Ramirez with respect to each of the three counts in the Indictment.

You must base your verdict solely on the evidence or lack of evidence in this case and these instructions as to the law. I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a verdict in accordance with the evidence and the  law.

Finally, let me state that your oath, the oath you took in this courtroom at the beginning

of the trail, sums up your duty and that is: without fear or favor to anyone you will well and truly try the issues, based solely upon the evidence or lack of evidence and this Court's instruction as to the law.

Members of the jury, that concludes my instructions. You may stand and stretch for a moment while I see the lawyers at the sidebar. Just to let you know, you may deliberate during the hours that you choose in the sense that I will call you back at the end of the day today if you have not reached a verdict, I'll call you back and I will give you instructions but basically you do not discuss the case unless all twelve of you are in the room. That's the only time you may discuss it.

* * * * *

Members of the jury, you may now retire to deliberate.
## ADDITIONAL CHARGES (If Applicable)

### I.     Conscious Avoidance

My instructions on Count One included an instruction on the concept of knowledge.  Let me say one other thing about that concept.

In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him.

In determining whether the defendant acted knowingly and intentionally regarding the object or purpose of the conspiracy charged in Count One, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.  As I said, knowledge cannot be established by showing that the defendant was careless or negligent.  On the other hand, one may not willfully and intentionally remain ignorant of a fact that is material and important to one's conduct in order to escape the consequences of the criminal law.

44

I want to be clear that this concept only applies when determining whether the defendant knew the object or purposes of the conspiracy; it does not apply when determining whether the defendant knowingly participated in the conspiracy.  It is logically impossible for the defendant to join a conspiracy unless he knows that a conspiracy exists.  Thus, if you find that the defendant was aware of a high probability that the conspiracy at issue in Count One was to manufacture or distribute cocaine so that it could be imported into the United States, and the defendant consciously avoided confirming that fact, you may infer that he implicitly had knowledge.  If, however, the defendant actually believed that the conspiracy was not to manufacture or distribute cocaine so that it could be imported into the United States, or if the defendant was merely negligent or careless with regard to what knowledge he had, he lacked the knowledge necessary to become a co-conspirator.

> Adapted from the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); *see also* the Hon. Jed S. Rakoff, Jury Charge, *United States* v. *Henareh*, 11 Cr. 93 (JSR) (S.D.N.Y. 2012); the Hon. Lewis A. Kaplan, Jury Charge, *United States* v. *Salazar,* 05 Cr. 517 (LAK) (S.D.N.Y. 2007) and Jury Charge, *United States v. Trujillo*, 01 Cr. 1077 (LAK) (S.D.N.Y. 2004); and the Hon. Richard J. Sullivan, Jury Charge, *United States* v. *Eskamp*, 12 Cr. 120 (RJS) (S.D.N.Y. 2014).
>
> *See United States* v. *Henareh*, 563 F. App'x 808, 811 (2d Cir. 2014) ("A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact. . . .  In other cases, we have explained that this charge is appropriate when a defendant asserts what amounts to ignorance of the specific objectives alleged. . . .  In this regard, Henareh overlooks his own testimony . . . including his express denials that he knew the drugs at the heart of the conspiracy were intended for the United States. . . .  Our review of the record confirms that this is the very instance when a defendant's purported lack of knowledge defense, despite [his] deep involvement in the transactions that effectuated [the crime], all but invite[s] the conscious avoidance charge. . . .  We find no error, plain or otherwise,

in the district court's instruction to the jury" (citations and quotations omitted)); *United States* v. *DiTommaso*, 817 F.2d 201, 219 (2d Cir. 1987) ("Here, both Molina-Chacon and Risatti asserted ignorance of the specific objectives alleged in the indictment—accordingly, a 'conscious avoidance' instruction was fitting[.]"); *see also United States* v. *Lange*, 834 F.3d 58, 78 (2d Cir. 2016) (explaining that conscious avoidance charge was appropriate in conspiracy case where the defendant "argued at trial that he lacked knowledge of the nature of the fraudulent schemes"); *United States* v. *Cuti*, 720 F.3d 453, 464 (2d Cir. 2013) ("This purported lack of knowledge defense, despite Tennant's deep involvement in the transactions [at issue], all but invited the conscious avoidance charge."); *United States* v. *Flores*, No. 15 Cr. 765 (PAC), 2017 WL 1133430, at *7 (S.D.N.Y. Mar. 24, 2017) (holding that conscious avoidance instruction was appropriate where defendants intentionally avoided confirming that the target of their drug conspiracy was the United States).

## II.    <u>Similar Act Evidence</u>

You have heard evidence that on [a] certain occasion[s], the defendant engaged in conduct similar in nature to the conduct charged in the Indictment.  Let me remind you that the defendant is only on trial for committing the acts alleged in the Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crimes charged.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  This evidence was admitted for a more limited purpose, and you may consider it for that purpose only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

Additionally, if you find that the defendant engaged in the similar acts, and if you find that the similar acts had sufficiently similar characteristics to those charged in the Indictment, then you may, but you need not, infer that the defendant was the person who committed the acts charged in the Indictment.  You also may, but you need not, infer that the acts charged in the Indictment and the similar conduct were part of a common plan or scheme committed by the defendant.

Nevertheless, the evidence of similar conduct is to be considered by you only on the issues I have just mentioned, and not on any other issues.  You may not consider such evidence for any other purpose.  Specifically, you may not consider it as evidence that the defendant is of a bad character or has a propensity to commit crime.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-25,
> 5-26; *see United States* v. *Brand*, 467 F.3d 179, 206 (2d Cir. 2006)
> (approving of Sand instruction on similar act evidence).

## III.    Stipulations of Testimony

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-7.

## IV.    Character Witness

There has been testimony that the defendant [the Court is respectfully requested to describe the testimony, such as, has a good reputation for honesty and integrity in the community].  This testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence,

47

no reasonable doubt would have existed.  But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense, and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of the defendant.  The guilt or innocence of the defendant is for you alone to determine and that should be based on all the evidence you have heard in the case.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-15; *see United States* v. *Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (defendant not entitled to a charge that character evidence "standing alone" is enough for acquittal).

## V.  Defendant's Right Not to Testify (If Requested by Defendant)

Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent. Therefore, you must not attach any significance to the fact that a defendant did not testify. No adverse inference against a defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-21; *see* the Hon. Paul A. Engelmayer, Jury Charge, *United States* v. *Fernandez*, 13 Cr. 20 (PAE) (S.D.N.Y. 2013).

48