# EXHIBIT D



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

<hr>

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 28, 2020

<u>Via Email</u>
Joaquin Perez, Esq.
6780 Coral Way
Miami, FL 33155
Jplaw1@bellsouth.net

   Re: <u>United States v. Fredy Renan Najera Montoya</u>,
      S1 15 Cr. 378 (PGG)

Dear Mr. Perez:

  On December 10, 2018, the defendant pled guilty to Counts One and Two of the above-referenced Superseding Indictment (the ("Indictment")) without a plea agreement. The United States Attorney for the Southern District of New York ("this Office") will consent to the defendant's withdrawal of his previously entered guilty plea upon the following conditions: (i) the defendant enters a new guilty plea to Count One, a new guilty plea to a lesser-included offense of Count Two, and a guilty plea to Count Three, and (ii) the defendant agrees to the terms specified below (the "Agreement").

  Count One of the Indictment charges the defendant with participating in a conspiracy (i) to import five or more kilograms of cocaine into the United States, (ii) to manufacture and distribute five or more kilograms of cocaine, knowing and intending that it would be unlawfully imported into the United States, and (iii) to manufacture, distribute, and possess five or more kilograms of cocaine on board an aircraft registered in the United States, in violation of Title 21, United States Code, Sections 963, 952(a), 959(a), 959(c), 960(a)(1), 960(a)(3), and 960(b)(1)(B). Count One carries a maximum term of life imprisonment; a mandatory minimum term of 120 months' imprisonment; a maximum term of supervised release of life; a mandatory minimum term of 60 months' supervised release; a maximum fine, pursuant to Title 21, United States Code, Section 960(b)(1)(B), and Title 18, United States Code, Section 3571, of the greatest of $10,000,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the defendant as a result of the offense; and a mandatory $100 special assessment.

  Count Two of the Indictment charges the defendant with carrying and using machineguns and destructive devices during and in relation to, and possessing machineguns and destructive devices in furtherance of, the drug-trafficking offense charged in Count One of the Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), and 2. Under the terms of this Agreement, however, the Government will accept a guilty plea to the lesser included offense of carrying and using firearms during and in relation to, and possessing firearms in furtherance of, the drug-trafficking offense charged in Count One, in violation of Title 18,

Rev. 04.24.2018

Joaquin Perez, Esq.  
January 28, 2020

Page 2

United States Code, Section 924(c)(1)(a)(i). The lesser-included offense carries a maximum term of imprisonment of life and a mandatory minimum term of imprisonment of 60 months, which must run consecutively to any other sentence imposed; a maximum term of supervised release of five years; a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

Count Three of the Indictment charges the defendant with participating in a conspiracy to carry and use machineguns and destructive devices during and in relation to, and to possess machineguns and destructive devices in furtherance of, the drug-trafficking offense charged in Counts One, in violation of Title 18, United States Code, Sections 924(o) and 924(c)(1)(B)(ii). Count Three carries a maximum term of life imprisonment; a maximum term of supervised release of five years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the defendant as a result of the offense; and a mandatory $100 special assessment.

The total maximum term of imprisonment on Counts One, Two, and Three is life, with a mandatory minimum term of 180 months.

In consideration of his plea to the above offenses, the defendant will not be further prosecuted criminally by this Office and, with respect to tax offenses, the Tax Division, Department of Justice, for any crimes relating to his participation in (i) a conspiracy to import cocaine into the United States, and to manufacture, distribute, and possess cocaine on board an aircraft registered in the United States, between 2009 and 2014; and (ii) the use and carrying of machineguns and destructive devices during and in relation to, and possession of machineguns and destructive devices in furtherance of, the drug-trafficking crime charged in Count One of the Indictment, as charged in Counts Two and Three, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to Title 18, United States Code, Sections 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Counts against the defendant. This Agreement does not provide any protection against prosecution except as set forth above. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, Pub. L. No. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits, and agrees to allocute at the time of his guilty plea that, the defendant facilitated the importation into the United States of at least approximately 20,000 kilograms of cocaine in connection with the drug-trafficking offense charged in Count One of the Indictment.

The defendant hereby admits the forfeiture allegations with respect to Counts One, Two, and Three of the Indictment and agrees to forfeit to the United States: (i) pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any

Joaquin Perez, Esq.                                                                                  Page 3
January 28, 2020

proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense; and (ii) pursuant to Title 18, United States Code, Section 924(d), any and all firearms and ammunition involved in and used in the commission of the offense charged in Counts Two and Three of the Indictment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

    A.    **Offense Level**

        1. The November 1, 2018 Guidelines manual applies in this case.

    <u>Count One</u>

        2. The applicable Guideline to the offense charged in Count One is U.S.S.G. § 2D1.1.

        3. Pursuant to U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(c)(1), because the offense charged in Count One involved more than 450 kilograms of cocaine, the base offense level is 38.

        4. Pursuant to U.S.S.G. § 2D1.1(b)(1), the defendant possessed dangerous weapons. Pursuant to U.S.S.G. § 2K2.4 app. n.4, however, no levels are added because a sentence will be imposed on Count Two pursuant to U.S.S.G. § 2K2.4.

        5. Pursuant to U.S.S.G. § 2D1.1(b)(2), the offense level is increased by 2 because the defendant used violence in connection with Count One.

        6. Pursuant to U.S.S.G. § 2D1.1(b)(3), the offense level is increased by 2 because the defendant unlawfully imported a controlled substance under circumstances in which an aircraft other than a regularly scheduled commercial air carrier was used to import the controlled substance.

        7. Pursuant to U.S.S.G. § 2D1.1(b)(11), the offense level is increased by 2 because the defendant bribed law enforcement officers to facilitate the commission of the offense charged in Count One.

        8. Pursuant to U.S.S.G. § 2D1.1(b)(16), the offense level is increased by 2 because the defendant receives an adjustment under U.S.S.G. § 3B1.1, and the defendant (i) committed the offense in Count One as part of a pattern of criminal conduct engaged in as a livelihood, and (ii) was directly involved in the importation of a controlled substance.

Joaquin Perez, Esq.  Page 4
January 28, 2020

9. Accordingly, the offense level for Count One of the Indictment, prior to applying Chapter Three of the Guidelines, is 46.

Count Two

10. The Sentencing Guideline applicable to the offense charged in Count Two is U.S.S.G. § 2K2.4. Pursuant to U.S.S.G. § 2K2.4(b), the Guideline sentence for Count Two is the minimum term of imprisonment required by statute, and Chapters Three and Four of the Guidelines do not apply to Count Two.

11. Accordingly, Count Two requires a 60-month mandatory minimum sentence of imprisonment, to run consecutive to any other term of imprisonment imposed, pursuant to U.S.S.G. § 2K2.4(b) and Title 18, United States Code, Section 924(c)(1)(A)(ii).

Count Three

12. The applicable Guideline to the offense charged in Count Three is U.S.S.G. § 2K2.1.

13. Pursuant to U.S.S.G. § 2K2.1(a)(5), the base offense level is 18 because the offense involved a firearm described in Title 26, United States Code, Section 5845(a)

14. Pursuant to U.S.S.G. § 2K2.1(b)(1)(B), the offense level is increased by 4 because the offense involved between eight and 24 firearms.

15. Pursuant to U.S.S.G. § 2K2.1(b)(3)(B), the offense level is increased by 2 because the offense involved a destructive device other than a destructive device referred to in U.S.S.G. § 2K2.1(b)(3)(A), to wit, rocket-propelled grenade launchers and rocket-propelled grenades used by the defendant's co-conspirators to provide security for cocaine shipments in which the defendant participated.

16. Pursuant to U.S.S.G. § 2K2.1(b)(6)(B), the offense level is increased by 4 because the defendant used and possessed a firearm and ammunition in connection with another felony offense, to wit, the drug-trafficking offenses charged in Count One of the Indictment.

17. Pursuant to U.S.S.G. §§ 2K2.1(c)(1)(A) and 2X1.1, the offense level for Count Five is 46.

Chapter Three: Adjustments (Counts One and Three)

18. Pursuant to U.S.S.G. § 3B1.1(a), the offense level is increased by 4 because the defendant was an organizer or leader of criminal activity that involved five or more participants and was otherwise extensive.

19. Pursuant to U.S.S.G. § 3B1.3, the offense level is increased by 2 because the defendant abused a position of public trust—to wit, his position as a *diputado* in the National

Joaquin Perez, Esq.  Page 5
January 28, 2020

Congress of Honduras, which is analogous to the position of a U.S. Congressman—in a manner that significantly facilitated the commission or concealment of the offenses.

20. Pursuant to U.S.S.G. § 3C1.1, the offense level is increased by 2 because the defendant (1) willfully attempted to obstruct and impede the administration of justice with respect to the prosecution of the instant offenses of conviction by (A) making false assertions regarding Devis Leonel Rivera Maradiaga in a letter to the Court dated October 2, 2019, Dkt. No. 124-1, and a "Sworn Statement" filed with the Court on July 28, 2019, Dkt. No. 112-2, and (B) causing defense counsel to file an August 26, 2019 letter, Dkt. No. 119, asserting on behalf of the defendant "actual innocence" with respect to Count One; and (2) the obstructive conduct related to the defendant's offense of conviction and any relevant conduct.

Chapter Three: Grouping

21. Pursuant to U.S.S.G. § 3D1.2(c), Counts One and Three are grouped together into a single group because Count Three embodies conduct that is treated as a specific offense characteristic in the guidelines applicable to Count One. *See also* U.S.S.G. § 2J1.2, application note 3.

22. Pursuant to U.S.S.G. § 3D1.3(b), the offense level is the offense level, determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three, for the most serious of the counts comprising the Group, *i.e.*, the highest offense level of the counts in the Group, which is 54.

In accordance with the foregoing calculations, the applicable offense level is capped at 43 pursuant to U.S.S.G. Ch. 5, part A, application note 2.

    **B.**    **Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), the defendant has no known criminal history. Accordingly, the defendant's Criminal History Category is I.

    **C.**    **Sentencing Range**

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is life imprisonment, with a mandatory minimum term of 180 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 43, the applicable fine range is $50,000 to $10,000,000.

The parties agree that the defendant is not eligible for relief from the 180-month mandatory minimum term of imprisonment pursuant to Title 18, United States Code, Section 3553(f), or U.S.S.G. § 5C1.2.

Joaquin Perez, Esq.                                                                                                Page 6
January 28, 2020

  The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

  The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

  Except as provided in any written Proffer Agreements that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

  It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the Stipulated Guidelines Range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

  It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

Joaquin Perez, Esq.                                                                                    Page 7
January 28, 2020

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence below the Stipulated Guidelines Range of life imprisonment; and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal any fine that is less than or equal to $10,000,000, and the Government agrees not to appeal any fine that is greater than or equal to $50,000. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his deportation from the United States is presumptively mandatory and that, at a minimum, he is at risk of being deported or suffering other adverse immigration consequences. The defendant acknowledges that he has discussed the possible immigration consequences (including deportation) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction, even if those consequences include deportation from the United States. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including deportation) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including deportation) resulting from his guilty plea and conviction.

Joaquin Perez, Esq.  Page 8
January 28, 2020

    It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

    It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Rev. 04.24.2018

Joaquin Perez, Esq.  
January 28, 2020

Page 9

Apart from any written Proffer Agreements that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Sincerely,

GEOFFREY S. BERMAN  
United States Attorney

By: _____  
Emil J. Bove III  
Amanda L. Houle  
Matthew J. Laroche  
Jason A. Richman  
Elinor L. Tarlow  
Assistant United States Attorneys  
(212) 637-2420

APPROVED: _____  
Shawn G. Crowley, Co-Chief  
Terrorism and International Narcotics Unit

AGREED AND CONSENTED TO:

_____   2-19-20  
Fredy Renan Najera Montoya    Date

APPROVED:

_____   2/19/20  
Joaquin Perez, Esq.    Date  
Attorney for the defendant