```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          15 CR 379 (PKC)
                                        Telephone Conference
OTTO RENE SALGUERO-MORALES and
RONALD ENRIQUE SALGUERO-PORTILLO,

            Defendants.

------------------------------x
                                        New York, N.Y.
                                        January 20, 2021
                                        10:00 a.m.


Before:

              HON. P. KEVIN CASTEL,

                          District Judge


                      APPEARANCES

AUDREY STRAUSS
     United States Attorney for the
     Southern District of New York
DANIEL NESSIM
KYLE WIRSHBA
     Assistant United States Attorneys

ROBERT FEITEL
     Attorney for Defendant Salguero-Morales

LINDA GEORGE
     Attorney for Defendant Salguero-Portillo

ALSO PRESENT:
Sonia Berah, Spanish Language Interpreter
Carlos Camacho, Spanish Language Interpreter
```

```
 1              (The Court and all parties appearing telephonically)
 2              THE COURT:  Good morning.  This is Judge Castel.
 3              Lisa, thank you for your patience with getting this
 4   all organized.  I appreciate your hanging with us.
 5              We'll go on the record.  This is United States of
 6   America v. Ronald Enrique Salguero-Portillo and Otto
 7   Salguero-Morales.
 8              Appearing for the government?
 9              MR. WIRSHBA:  Good morning, your Honor.  Kyle Wirshba
10   for the government, and Daniel Nessim is also on the line.
11              THE COURT:  All right.  Good morning, Mr. Wirshba and
12   Mr. Nessim.
13              Appearing for Mr. Salguero-Portillo?
14              MS. GEORGE:  Linda George for Ronald Enrique
15   Salguero-Portillo.
16              Good morning, your Honor.
17              THE COURT:  Good morning, Ms. George.
18              For Otto Salguero-Morales?
19              MR. FEITEL:  Good morning, your Honor.  Robert Feitel
20   for Otto Salguero-Morales.
21              THE COURT:  Good morning, Mr. Feitel.
22              First of all, I understand there is an interpreter, a
23   certified interpreter, for Mr. Salguero-Portillo, is that
24   correct?
25              INTERPRETER BERAH:  Yes, your Honor.  That is correct,
```

1    Spanish interpreter for Mr. Portillo.
2              THE COURT:  Please identify yourself.
3              INTERPRETER BERAH:  Sonia Berah, Spanish interpreter
4    for Mr. Portillo.
5              THE COURT:  Thank you.
6              For Otto Salguero-Morales?
7              INTERPRETER CAMACHO:  Good morning, your Honor.  This
8    is Spanish Interpreter Carlos Camacho for Mr. Morales.
9              THE COURT:  You're a certified interpreter?
10             INTERPRETER CAMACHO:  Yes, I am, your Honor.
11             THE COURT:  Thank you.  My apologies for asking those
12   questions.
13             Mr. Portillo, can you hear me?
14             DEFENDANT SALGUERO-PORTILLO:  Yes.
15             THE COURT:  Mr. Morales, can you hear me?
16             DEFENDANT SALGUERO-MORALES:  Yes.
17             THE COURT:  All right.  Mr. Portillo and Mr. Morales,
18   you have the right to be present at a conference before the
19   judge in a courtroom with the judge on the bench, the
20   prosecutor present, the interpreter present, the court
21   stenographer, and most importantly, your own counsel at your
22   side.
23             I've been advised that you wish to waive that right
24   and proceed today with this conference by telephone.
25             Is that right, Mr. Portillo?

| | |
|---|---|
| 1 | DEFENDANT SALGUERO-PORTILLO: Yes. |
| 2 | THE COURT: Is that correct, Mr. Morales? |
| 3 | DEFENDANT SALGUERO-MORALES: Yes. |
| 4 | THE COURT: All right. Ms. George, have you discussed |
| 5 | this with your client previously? |
| 6 | MS. GEORGE: Yes, I did, and I had him sign a waiver |
| 7 | as well. |
| 8 | THE COURT: Thank you. |
| 9 | Mr. Feitel, have you discussed this with your client? |
| 10 | MR. FEITEL: Yes, your Honor. |
| 11 | THE COURT: All right. Thank you. |
| 12 | Let me say to Mr. Portillo and Mr. Morales, if at any |
| 13 | point in this proceeding this morning you wish to speak in |
| 14 | private with your lawyer, I will give you the opportunity to do |
| 15 | that. |
| 16 | Do you understand that, Mr. Portillo? |
| 17 | DEFENDANT SALGUERO-PORTILLO: Yes, I do. |
| 18 | THE COURT: Do you understand that, Mr. Morales? |
| 19 | DEFENDANT SALGUERO-MORALES: Yes. |
| 20 | THE COURT: Now, with regard to one other preliminary, |
| 21 | I want to make this statement on the record. |
| 22 | I direct the prosecution to comply with its obligation |
| 23 | under Brady v. Maryland and its progeny to disclose to the |
| 24 | defense all information, whether admissible or not, that is |
| 25 | favorable to the defendant, materially of the guilt or |

1    punishment and known to the prosecution.  Possible consequences
2    for noncompliance may include dismissal of individual charges
3    or the entire case, exclusion of evidence, and professional
4    discipline or court sanctions on the attorneys responsible.
5             I will be entering an order -- I have already entered
6    a written order more fully describing this obligation and the
7    possible consequences of failing to meet it.  I direct the
8    prosecution to review and comply with that order.
9             Does the prosecution confirm that it understands its
10   obligations and will fulfill them?
11            MR. WIRSHBA:  Kyle Wirshba.
12            Yes, your Honor.
13            THE COURT:  Mr. Nessim?
14            MR. NESSIM:  Yes, your Honor.
15            THE COURT:  Thank you.
16            All right.  Now, in the case of Mr. Morales on
17   June 29, in the case of Mr. Portillo on July 27, and I want to
18   inquire of the government, can you confirm that all discovery
19   has been produced and can you tell me when discovery was
20   produced as to each of these two defendants?
21            MR. WIRSHBA:  Yes, your Honor.
22            As your Honor knows from a letter submitted to the
23   court in June of this year under seal, the parties had
24   discussed the discovery and updated the court as to the plan
25   for discovery in this case.

            More recently, there was a change of counsel, in fact, and the parties re-engaged with each other with respect to discovery, and the defendants elected to receive a certain amount of discovery, which the government has provided on January 14.

            At this point, Rule 16 discovery is complete.

            THE COURT: All right. Well, it seems to me that the defendants -- which defendant received discovery on January 14?

            MR. WIRSHBA: They both did, your Honor. Both defendants.

            THE COURT: OK. Mr. Feitel, I take it the defendants require time to review that discovery and be in a position to advise me whether there are any motions they wish to make in this case; is that correct?

            MR. FEITEL: That is correct, your Honor.

            THE COURT: Ms. George, is that true as to you and your client?

            MS. GEORGE: That is correct, your Honor.

            THE COURT: All right. I guess my question is, would mid March give you enough time to review the material and be in a position to advise me whether there are any motions your clients wish to make?

            MR. FEITEL: Good morning, your Honor. Robert Feitel for Otto Salguero.

            I think that would be sufficient, your Honor. If it

1    turns out that it is not, we will take steps to advise the
2    court before the scheduled next status hearing.
3             THE COURT:  Ms. George.
4             MS. GEORGE:  Your Honor, the only question I have, and
5    I wanted to just continually keep this on the record and to the
6    court, that it is very difficult for these individuals to
7    review discovery in the confines now, especially under the
8    lockdown.  They get 30 minutes a day out of their cell, and
9    that gives them very limited opportunity to look at numerous --
10   I mean, I have a terabyte drive of documents that were sent to
11   me.  I'm not sure that by March I would know that.  We will
12   try.  The problem is, if I can get in to see them, that would
13   be one thing, but I cannot.  We are kind of stuck on this.
14            The other issue with my client, in any event, is that
15   he has difficulty with the computer.  He is not computer
16   literate, and not that I am to any great extent, but in any
17   event, he is worse.  So this is just a problem that I want the
18   court to keep in mind.  I will try to do what I can, but I'm
19   not optimistic about March.
20            THE COURT:  What are you asking me to do?
21            MS. GEORGE:  I mean, your Honor, if you can set a date
22   and maybe we can advise you maybe, like, you know, like two
23   weeks before that date as to how we're going and maybe extend
24   it again.  I'm just concerned because I really have no time to
25   look at anything.

1             THE COURT:  Thank you.
2             I'll ask my courtroom deputy, if you can give us a
3    date in the second half of March for us to get together.
4             Now, this will be an outside date.  In fact, because
5    the way dates are secured during the pandemic, what I would
6    propose to do is set an outside date of March 26 at 10:00 a.m.
7    What we will endeavor to do is put in for a date around March
8    15, but we will have time excluded, or I propose that time be
9    excluded to March 26 at 10:00 a.m., and that would be an
10   in-person conference.  But we will endeavor to have this
11   scheduled for an earlier point in time, perhaps as much as two
12   weeks before, but that will depend on the schedule of the MCC.
13            Let me inquire of my courtroom deputy.
14            Flo, would that be a workable solution here?
15            THE DEPUTY CLERK:  I think the best date to do it is
16   March 24, the 23rd or 24th.
17            THE COURT:  All right.  Let's put it on for March 24
18   at 11, and that's the outside date.  We will do it in the
19   courtroom on that day, March 24 at 11.  And if we are able to
20   get -- that will be in courtroom 11D.  If we are able to get a
21   date for a telephonic conference before then, then we'll do
22   that.
23            Does that work, Flo?
24            THE DEPUTY CLERK:  Yes, that works.
25            THE COURT:  OK.  So that's what we'll do.

1          March 24 at 11, recognizing that we may move it up to
2     a telephone conference before that date.  Is that acceptable to
3     the government?
4          MR. WIRSHBA:  Yes, your Honor.  That works for the
5     government.
6          THE COURT:  Is that acceptable, Ms. George, to you and
7     your client?
8          MS. GEORGE:  Yes, your Honor.  And thank you.
9          THE COURT:  Same question, Mr. Feitel?
10         MR. FEITEL:  Yes, your Honor.  It is acceptable.
11         THE COURT:  Let me hear the government's -- unless
12    there is anything else somebody wants to raise, I'll hear the
13    government's final application.
14         MR. WIRSHBA:  Nothing further from the government,
15    your Honor.
16         The government would seek to exclude time between now
17    and the date of the next conference in March.  I missed the
18    exact date that you settled upon.
19         THE COURT:  March 24 at 11 a.m.
20         MR. WIRSHBA:  March 24, your Honor, until that date to
21    allow the defense to continue to review discovery, to allow for
22    the parties to engage in discussion by a possible pretrial
23    disposition, and in light of the ongoing COVID-19 pandemic.
24         THE COURT:  Ms. George, any objection?
25         MS. GEORGE:  No objection, your Honor.

1   THE COURT: Mr. Feitel, any objection?

2   MR. FEITEL: No, your Honor. I spoke with my client
3   beforehand, and he agrees to waive speedy trial until the
4   return of court.

5   THE COURT: All right. I find that the ends of
6   justice will be served by granting a continuance to March 24,
7   and that the need for a continuance outweighs the best interest
8   of the public and the defendant in a speedy trial. The reasons
9   for my finding are that the time is needed to enable defense
10  counsel to review discovery, to make it available to their
11  clients, to discuss the discovery with their clients, and to be
12  in the position to return to court to advise the court whether
13  there are any motions they wish to make in the case, and
14  accordingly, the time between today and March 24, 2021, is
15  excluded under the Speedy Trial Act.

16  Anything further from the government?

17  MR. WIRSHBA: Nothing further from the government,
18  your Honor.

19  THE COURT: Anything further from the defendants?

20  MS. GEORGE: Not on behalf of Mr. Salguero-Portillo.
21  Thank you, your Honor.

22  MR. FEITEL: Nor on behalf of Otto Salguero, your
23  Honor.

24  THE COURT: All right. Thank you all very much. I
25  appreciate it.

1           Please stay well and healthy.  Thank you, all.

2           MR. FEITEL:  Thank you, your Honor.

3           MS. GEORGE:  Thank you.

4           (Adjourned)