

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 4, 2021

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Geovanny Fuentes-Ramirez*, S6 15 Cr. 379 (PKC)

Dear Judge Castel:

    We write in response to the defendant's letter of earlier today seeking to preclude Witness-2's testimony. The defendant's request should be denied for several reasons.

    *First*, defense counsel has ample time to prepare for Witness-2's testimony. Witness-2's 3500 material, which was produced today, consists of 12 pages of debriefing notes, and the topics of his testimony, as outlined in the Government's sealed letter of earlier today, are limited. The Government also intends to call Witness-2 close to the end of its case-in-chief to afford defense counsel additional time to prepare for his testimony and confer with the defendant about him.

    *Second*, even before today's production, Witness-2 was known to the defendant and defense counsel and, thus, was not a "previously undisclosed civilian witness." (Dkt. 259, at 1). On January 21 and 26, 2021, the Government produced notes of a debriefing of Javier Rivera Maradiaga in which Witness-2 was discussed, including some areas of Witness-2's potential testimony. Following the production of those notes, defense counsel requested communications involving, among others, Witness-2, and the Government produced those communications as soon as it obtained them on February 1, 2021. Moreover, as the Government explained in its sealed letter of earlier today, the defendant has personally known Witness-2 for years.

    *Third*, the Government's disclosures were not "late[]." (Dkt. 259, at 1). The Court did not set a deadline for the production of 3500 material, and the Government would have been in compliance with its Jencks Act obligations had it provided those materials on the day of Witness-2's testimony. *See, e.g.*, *United States v. Miller*, No. 12 Cr. 368, 2012 WL 4791992, at *2 (S.D.N.Y. Oct. 9, 2012) (the production of 3500 material "shortly prior to the commencement of trial" is "customary in this district."). Nevertheless, the Government began producing 3500 material for other witnesses in November 2020 and produced substantially all 3500 material for trial witnesses by early January 2021. The production of an additional 12 pages of notes for one additional witness days before trial and over a week before that witness will actually testify is not a basis for preclusion or adjournment.

For all of these reasons, the defendant's motion should be denied.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by: ____/s/_____
Jacob Gutwillig / Matthew Laroche /
Michael D. Lockard
Assistant United States Attorneys
(212) 637-2215 / 2420 / 2193

cc: Defense counsel of record (by ECF)