

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 14, 2021

**BY ECF**

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Geovanny Fuentes-Ramirez*,
             **S6 15 Cr. 379 (PKC)**

Dear Judge Castel:

      We write to respectfully request that the Court enter an order suspending the use of a public telephone dial-in to the courtroom proceedings during the testimony of Witness-1 and Witness-2. On (Feb. 16, 2021 Tr. 4-5; Trial Tr. 2). The Court granted the Governments requests for Witness-1 and Witness-2 to testify using pseudonyms, without objection from the defendant, based on witness safety. (*Id*.).

      On March 12, 2021, the Government learned that at least some of the court proceedings held on March 11, 2021, were audio recorded and have been posted to the internet on various social media and video streaming sites. The recording of court proceedings without Court authorization is a violation of Local Rule 1.8. (*See, e.g.*, Trial Tr. 455-56). Monitoring and preventing the use of audio recording on the public dial-in, however, is not feasible and it is entirely possible that the proceedings could be audio recorded by individuals located beyond the Court's ability to enforce its orders. Because the Witness-1 and Witness-2's voices are personally identifiable characteristics of each witness, which could lead to their identification and defeat the purposes of the Court's orders permitting the use of pseudonyms, the Government respectfully requests that use of the public dial-in be suspended during their testimony. As discussed below, the requested relief would not impair the public's right of access to the proceedings, and the Government has been unable to identify less-restrictive measures, but proposes that the transcript of the testimony be made public as soon as practicable. We understand that the defendant does not object to the requested relief.

**I.   Relevant Law**

      Both the First and Sixth Amendments generally require that criminal court proceedings be open to the public. *See Waller v. Georgia*, 467 U.S. 39, 46 (1984) (criminal defendant has Sixth

Amendment right to public trial); *United States v. Smith*, 426 F.3d 567 574-75 (2d Cir. 2005) ("[t]he First Amendment has consistently been read to provide the *public and press* a right of access to criminal trials." (emphasis in original)). "Th[e] right to be tried in open court is not absolute," *Bowden v. Keane*, 237 F.3d 125, 129 (2d Cir. 2001), and "may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the Government's interest in inhibiting disclosure of sensitive information." *Waller*, 467 U.S. at 45.

Measures that limit these rights are appropriate when: (1) the party seeking the limitation advances an overriding interest that is likely to be prejudiced; (2) the limitation is no broader than necessary; (3) the court considers reasonable alternatives; and (4) the court makes findings adequate to support the limitation. *Id*. at 48; *see also United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995) (setting forth the "four steps a district court must follow in deciding a motion for closure"); *United States v. Alcantara*, 396 F.3d 189, 199-200 (2d Cir. 2005) (setting forth procedural protections generally applicable to closure motions). These so-called "*Waller* factors" apply regardless of "whether a closure motion is made by the government over the defendant's Sixth Amendment objection or made by the defendant over the First Amendment objection of the government or press." *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995).

The qualified right of public access may yield to, among other things, the need to protect the safety of witnesses. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (internal quotation marks omitted); *accord, e.g.*, *United States v. Lugosch*, 435 F.3d 110, 120 (2d Cir. 2006).

**II. Discussion**

Here, the First Amendment right of access to the proceedings would not be impaired by the requested relief. There is no First Amendment right to broadcast courtroom proceedings. *See Estes v. State of Texas*, 381 U.S. 532, 539-540 (1965). The trial proceedings in this matter are open to the public, both in the courtroom and in an overflow room where an audio- and video-feed of the proceedings is displayed to additional in-person attendees. (Trial Tr. 455-56).

The requested relief is also supported by compelling interests in witness safety. *See, e.g.*, *Carson v. Fisher*, 421 F.3d 83, 90-91 (2d Cir. 2005). These compelling reasons support the Court's orders permitting Witness-1 and Witness-2 to testify under pseudonyms. As the recording and internet publication of the proceedings on March 11, 2021 show, there is a risk, if not a certainty, that Witness-1 and Witness-2's voice testimony will be recorded and republished. This would permit their voice testimony to be used to identify the witnesses, compromising and possibly eviscerating the witness safety protections afforded by their use of pseudonyms.

The requested relief is also no greater than necessary. The Government has explored whether the testimony could be broadcast on the public dial-in while disguising the personally identifying characteristics of the witnesses' voices, but has been unable to identify an adequate means of doing so. Disguising the voices of the witnesses in the courtroom could potentially prejudice the defendant by influencing the jury, and the Government is unaware of a means to disguise the witnesses' voices, has been unable to identify a means to disguise the voice on the dial-in. Nor is there an adequate means to "redact" the voices of the witnesses while continuing to broadcast the remaining proceedings, such as by muting the proceedings while the witnesses are

speaking, because such a manual, real-time procedure is prone to error and because individuals in the courtroom sometimes speak simultaneously.

Though the Court has reminded the public of the requirements of Local Rule 1.8 and the consequences of violating that rule (Trial Tr. 455-56), that admonishment, unfortunately, is unlikely to be sufficient to protect the witness safety interests at stake. First, the identity or identities of the individuals who may have recorded the dial-in are unknown, as are their locations. They may well already have been aware of the prohibition on recording, and the Court's admonishment may not deter them or others from recording again. Second, enforcing the Court's order is difficult for a number of reasons: the difficulty in identifying the individual or individuals who may record the proceedings; the difficulty of identifying the individual or individuals who may publicly release the recordings; and the fact that the individual or individuals may be in locations outside the Court's practical ability to enforce its order, including locations in foreign countries.

### III. Conclusion

For the foregoing reasons, the Government respectfully requests that the use of the public dial-in be suspended during the testimony of Witness-1 and Witness-2, and proposes that the transcript of the relevant proceedings be made public as soon as practicable after their testimony.

                Respectfully submitted,

                AUDREY STRAUSS
                United States Attorney

by:     /s/
                Jacob Gutwillig / Matthew Laroche /
                Michael D. Lockard
                Assistant United States Attorneys
                (212) 637-2215 / 2420 / 2193

cc: Defense counsel of record (by ECF)