Avraham C. Moskowitz (AM 8913)
Christopher R. Neff (CN 1655)
Moskowitz & Book, LLP
345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 221-7999

Eylan Schulman (ES 9955)
Schulman Trial, PLLC
20 Vesey St, Suite 1400
New York, NY 10007
(212) 874-2500

*Attorneys for Defendant*
*Geovanny Fuentes Ramirez*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA | 15 Cr. 379 (PKC) |
| v. | |
| GEOVANNY FUENTES RAMIREZ, | |
| Defendant. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT GEOVANNY FUENTES RAMIREZ'S
MOTION TO SET ASIDE THE VERDICT OR FOR A NEW TRIAL**

Geovanny Fuentes Ramirez respectfully submits this reply memorandum of law in support of his motion for a judgment of acquittal, pursuant to Fed. R. Crim. P. 29, or, in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33.

As was discussed in detail in Defendant's opening memorandum, the evidence at trial established, at most, that Mr. Fuentes Ramirez conspired with Leonel Rivera and Melvin Sandres before 2013, a conspiracy in which Mr. Fuentes Ramirez;s role came to an end completely when Rivera and Mr. Fuentes Ramirez violently terminated their relationship, and when Rivera murdered Sandres, prior to the statute of limitations period. The Government's only evidence that Mr. Fuentes Ramirez engaged in narcotics-related activity after he discontinued his role in Rivera's conspiracy is that he remained friendly with people the Government accuses of criminality. But it is well established that being friendly with criminals is not itself illegal.

Because there was insufficient evidence to support a finding that Mr. Fuentes Ramirez remained a member of Rivera's narcotics conspiracy after 2013, the jury can only have convicted him of possessing a machinegun in furtherance of a narcotics conspiracy, and of conspiring to do so, based on testimony about his use of machineguns before his role in the conspiracy came to an end. Put simply, although there was evidence that he possessed a machinegun within the statute of limitations period, there was no evidence that he did so in furtherance of the charged conspiracy.

For all these reasons, the Court should enter a judgment of acquittal pursuant to Rule 29.

In the alternative, the Defendant requests a new trial because errors made in his first trial rendered that trial fundamentally unfair. Most importantly, the Court erred in declining

to give the statute of limitations charge requested by the Defendant. There was sufficient evidence in the record for the jury to find that Mr. Fuentes Ramirez withdrew from the charged conspiracy in 2013, when he and Rivera parted ways. The Court's failure to give the requested charge permitted the jury to convict Mr. Fuentes Ramirez of Counts Two and Three on the basis of pre-2013 conduct in furtherance of Rivera's conspiracy, rather than on the basis of conduct in furtherance of any conspiracy that existed within the statute of limitations period. This error, and the other fundamental errors discussed in Defendant's opening memorandum, denied Mr. Fuentes Ramirez a fair trial. Accordingly, the Court should order a new trial pursuant to Rule 33.

## ARGUMENT

### I. The Government's Evidence Was Insufficient to Sustain Mr. Fuentes Ramirez's Convictions

The Government's summary of the trial evidence is remarkable for two reasons. First, the Government repeatedly and consistently cites facts outside the record or recites speculation that is without an evidentiary basis as though it were fact. For example, the Government repeatedly points to convictions of alleged co-conspirators as facts supporting Mr. Fuentes Ramirez's conviction, notwithstanding that those convictions could not permissibly be, and were not, put before the jury. Equally remarkable is the fact that the Government spends nearly 15 pages of its brief describing "evidence" against Mr. Fuentes Ramirez without mentioning the vast majority of the dates upon which events allegedly took place. (*See* Gov. Mem. at 2-17.) The reason the Government omitted all of the relevant dates is starkly obvious. Had it instead made the timeline transparent, the fact that none of the inculpatory facts detailed by the Government took place after 2013 would have been immediately apparent. The timeline

developed at trial, however, cannot be obfuscated so easily. The Government's case was based on events that took place prior no later than 2013, at which point Mr. Fuentes Ramirez parted ways with Rivera, ending his role in Rivera's conspiracy. After that date, there is no evidence that he engaged in narcotics activity of any kind—or that he possessed a machinegun in furtherance of such activity.

All of the evidence of narcotics activity by Mr. Fuentes Ramirez was in furtherance of the conspiracy led by Rivera and his brother. Mr. Fuentes Ramirez is accused of first distributing drugs in Miami in the late 2000s, on behalf of Melvin Sandres. Sandres was Rivera's cousin and worked for him. (Tr. 282.) In 2010, Sandres—who, again, was a *Cachiros* employee—and Mr. Fuentes Ramirez partnered to open a cocaine laboratory. In approximately 2011, Sandres introduced Mr. Fuentes Ramirez to Rivera, after which Mr. Fuentes Ramirez's role in the *Cachiros* conspiracy was more closely linked to Rivera. In 2012, Mr. Fuentes Ramirez allegedly closed the laboratory on very short notice in advance of a police raid.[1] The next year, he and Rivera had a falling out, in which each of them tried to murder the other, and Rivera murdered Sandres.

The Government argues that Mr. Fuentes Ramirez was properly convicted despite withdrawing from Rivera's conspiracy prior to the statute of limitations period, arguing in essence that the defendant participated in many conspiracies and that the trial evidence showed that he withdrew from only one of them. (Gov't Mem. at 26-27.) But Mr. Fuentes Ramirez was charged in the Indictment with only a single conspiracy, and the trial evidence clearly established

---

[1] The Government asserts that the laboratory reopened thereafter, but there was no evidence at trial to support that allegation, and none is cited by the Government. (*See* Gov't Mem. at 10.)

that Rivera and his *Cachiros* were the central actors at that conspiracy's "hub". Mr. Fuentes Ramirez's involvement, if any, ended no later than 2013.

After 2013, the sole evidence against Mr. Fuentes Ramirez is that he remained on friendly terms with some other individuals who allegedly played roles in Rivera's cocaine business, and that he gave financial support to the campaign of one of those individuals, a politician the Government believes is corrupt. Those activities are not criminal—and they are not sufficient to establish that Mr. Fuentes Ramirez established or operated a drug business, independent of Rivera, within the statute of limitations period. Accordingly, the Court should enter a judgment of acquittal on both conspiracy counts.

Count Two charges Mr. Fuentes Ramirez with using or carrying a machinegun or destructive device, or aiding and abetting the use or carrying of a machinegun or destructive device, during and in relation to the narcotics conspiracy charged in Count One. A judgment of acquittal must be entered on Count Two because the Government failed to prove that Mr. Fuentes Ramirez engaged in a narcotics conspiracy after withdrawing from Rivera's conspiracy in 2013. Accordingly, although there arguably was evidence that he possessed a machinegun within the statute of limitations period, there was insufficient evidence to prove that he "used" one in furtherance of a narcotics conspiracy in the five years prior to the indictment.[2]

## II. The Court Should Grant Mr. Fuentes Ramirez a New Trial

Mr. Fuentes Ramirez is entitled to a new trial for all of the reasons set forth in his moving memorandum. Most importantly, he is entitled to a new trial because the Court's

---

[2] As argued in detail in the Defendant's moving memorandum, the Government's sole evidence that Mr. Fuentes Ramirez possessed a machinegun after 2013 was undated photographs recovered from his phone and his son's phone and iCloud account. This evidence does not establish "use" within the statutory meaning of that term.

erroneous refusal to give the requested statute of limitations charge permitted the jury to convict him on Count 2 on the basis of conduct that took place in furtherance of a conspiracy from which he withdrew more than five years before he was indicted.

There was ample evidence from which the jury could have concluded that any conspiracy involving Mr. Fuentes Ramirez ended no later than 2013, when he and Rivera parted ways. Moreover, the testimonial evidence concerning Mr. Fuentes Ramirez's possession and use of firearms in furtherance of a narcotics conspiracy all related to events occurring in 2013 or before, well outside the statute of limitations period.

Although the Court expressly recognized that all three charges against Mr. Fuentes Ramirez were subject to a five-year statute of limitations, the Court nevertheless declined to give a statute of limitations instruction. This error compromised the integrity of the verdicts and denied the defendant the opportunity to present a viable defense on summation.

Accordingly, the Court should grant Mr. Fuentes Ramirez a new trial pursuant to Rule 33.

## **CONCLUSION**

For the reasons set forth and based on the authorities cited herein and in the defendant's opening memorandum, it is respectfully requested that the Court enter a judgment of acquittal or, in the alternative, order a new trial in the interests of justice.

- 6 -

Dated: June 1, 2021
       New York, New York

                                            Respectfully submitted,

                                            Avraham C. Moskowitz

                                            Christopher R. Neff