UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEOVANNY FUENTES RAMIREZ,

                Movant,

-against-

UNITED STATES,

                Respondent.

24-CV-8924 (PKC)

15-CR-0379-9 (PKC)

ORDER TO ANSWER, 28 U.S.C. § 2255

---

P. KEVIN CASTEL, United States District Judge:

      The Court, having concluded that the motion brought under 28 U.S.C. § 2255 should not be summarily dismissed as being without merit, hereby ORDERS that:

      The Clerk of Court shall electronically notify the Criminal Division of the U.S. Attorney's Office for the Southern District of New York that this order has been issued.

      Within sixty days of the date of this order, the U.S. Attorney's Office shall file an answer or other pleadings in response to the motion. Movant shall have thirty days from the date on which Movant is served with Respondent's answer to file a response. Absent further order, the motion will be considered fully submitted as of that date.

      All further papers filed or submitted for filing must include the criminal docket number and will be docketed in the criminal case.

      Along with his motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, Movant, who is proceeding *pro se*, also filed a motion in which he requests appointment of *pro bono* counsel. (ECF 2.) There is no constitutional right to counsel in *habeas corpus* proceedings. The Criminal Justice Act ("CJA") provides:

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(a)(2)(B).

In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in this Circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants. *See, e.g., Zimmerman v. Burge*, 492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)); *In re Pizzuti*, No. 10-CV-0199, 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010). Those factors include the likelihood of success on the merits, the complexity of the legal issues and the movant's ability to investigate and present the case. *See Cooper*, 877 F.2d at 172; *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court has considered these factors and finds that appointment of counsel is not warranted at this time. Accordingly, Movant's request for appointment of counsel (ECF 2) is denied without prejudice to renewal at a later date, after relevant facts and legal issues are presented to the Court for its consideration.

SO ORDERED.

Dated:
    New York, New York
    11-26-24

_____
P. KEVIN CASTEL
United States District Judge